■ KEVIN T. MULLANY, Respondent, v GILBERT EISEMAN, Appellant.—In an action, *inter alia,* to recover damages based upon medical malpractice, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Kutner, J.), dated October 3, 1985, as denied his motion for partial summary judgment dismissing the plaintiff's alleged cause of action to recover damages for assault and to strike the plaintiff's demand for punitive damages.

Ordered that the order is affirmed insofar as appealed from, with costs.

On May 19, 1983, the plaintiff consulted the defendant because of enlarged breasts. The defendant diagnosed the condition as cancerous and recommended surgery which was scheduled for June 21, 1983. The plaintiff signed certain consent forms and paid the defendant $3,750 for the operation. On the day of the operation, the plaintiff, who was

already strapped to the operating table, claims that he attempted to ask the defendant certain questions, and, upon the defendant's refusal to answer, and already troubled by the defendant's manner, revoked his consent and demanded to be unstrapped. Whatever the cause, a scuffle ensued and the plaintiff's elbow was fractured.

The plaintiff alleged two causes of action. The first charged the defendant with medical malpractice for the diagnosis and treatment of the plaintiff, and also alleged that the defendant "physically assaulted plaintiff, causing plaintiff to sustain serious and severe personal injuries". The second cause of action was based upon the defendant's alleged knowingly fraudulent representation that the plaintiff needed surgery in order to defraud him of $3,750. The plaintiff also demanded punitive damages.

The defendant moved for partial summary judgment dismissing that part of the complaint which, the defendant alleges, sounds in assault and thus is barred by the one-year Statute of Limitations (CPLR 215).

Special Term concluded that the single allegation quoted above did not establish that the plaintiff's cause of action was for assault and battery but ordered that the plaintiff's characterization of the defendant's conduct as an assault be stricken and granted the plaintiff leave to amend his complaint. We agree with that determination.

It is well settled that a motion for summary judgment will be granted only if the issue can be decided in the movant's favor as a matter of law (see, Zuckerman v City of New York, 49 NY2d 557). The defendant has not met this burden. "Intent to do injury is an essential element in an assault and battery action" Murriello v Crapotta, 51 AD2d 381, 382). None of the supporting papers allege that when the defendant injured the plaintiff during a scuffle after the plaintiff withdrew his consent to surgery, the defendant acted with the requisite intent to do injury rather than merely acted in a negligent manner. Therefore, the defendant's motion was properly denied.

On appeal the defendant also seeks dismissal of that branch of the plaintiff's first cause of action which alleges a lack of informed consent. However, the defendant did not request such relief at Special Term. Indeed, counsel for the defendant stated in his reply affirmation: "The defendant is not moving at this time to dismiss the causes of action sounding in medical malpractice and lack of informed consent, but is seeking to dismiss the cause of action sounding in assault".

Not having raised at Special Term any argument with respect to that branch of the cause of action sounding in lack of informed consent, he may not argue the point in this court.

The defendant also seeks partial summary judgment striking the plaintiff's claims for punitive damages. Special Term correctly found that factual issues existed as to whether the defendant's conduct was grossly negligent or wanton (see, *Walker v Sheldon,* 10 NY2d 401; *Gravitt v Newman,* 114 AD2d 1000). Bracken, J. P., Niehoff, Eiber and Sullivan, JJ., concur.