■ Dorothea Cruz, an Infant, by Her Mother and Natural Guardian, Liberty Camales, et al., Appellants, v City of New

YORK et al., Respondents. [606 NYS2d 211] —Order of the Supreme Court, New York County (Leona Freedman, J.), entered February 23, 1993, which denied plaintiffs' motion for an extension of time to file a notice of claim and granted defendants' cross motion to dismiss the complaint, unanimously modified, on the law and the facts and in the exercise of discretion, to the extent of granting the motion as to the infant plaintiff and denying defendants' cross motion and, except as so modified, affirmed, without costs.

Plaintiff guardian's derivative claim was properly dismissed as barred by the Statute of Limitations (Pierson v City of New York, 56 NY2d 950). The toll that applies to the infant's claim does not apply to the guardian's derivative claim (General Municipal Law § 50-e; Matter of Welsh v Berne-Knox-Westerlo Cent. School Dist., 103 AD2d 950, 951, citing Cohen v Pearl Riv. Union Free School Dist., 51 NY2d 256, 265-266).

We disagree with Supreme Court's conclusion that defendants were not apprised of the facts constituting the infant's claim within a reasonable time following her injury. The uncontroverted statement of plaintiff Liberty Camales indicates that, on October 22, 1987, the day after the accident, she telephoned the principal of P.S. 61 to inform her that the infant plaintiff was admitted to Bellevue Hospital because of a fall "at exit number five stairway between the lobby and second floor as a result of a defective stairway condition." School records reflect that, beginning November 6, 1987 until she resumed attendance at P.S. 61 on November 28, 1988, the infant plaintiff received home instruction (Education Law § 2554 [18]). Both the absence of any denial that the principal was notified and the documentary evidence are consistent with defendants' knowledge of the circumstances of the accident within a reasonable time after it occurred. We note that placement of a pupil in a special education services program is only made after evaluation by a committee on special education (Education Law §§ 4401, 4401-a, 4402), involving review of "all relevant information, including * * * the results of a physical examination" (Education Law § 4402 [1] [b] [3] [a]).

The condition complained of, a worn stair tread, is not one which would be expected to change significantly with time, and any repair which might have been undertaken should be reflected in defendants' maintenance records. Unlike a parent, the infant plaintiff cannot be faulted for her guardian's delay in seeking legal counsel (compare, Bullard v City of New York, 118 AD2d 447, 450-451). We therefore regard the denial of the

infant plaintiff's application to file a late notice of claim as an improvident exercise of discretion under the particular facts and circumstances of this case. Concur—Carro, J. P., Ellerin, Kupferman and Rubin, JJ.