■ MARIA FIGUEROA, Appellant, v FLATBUSH WOMEN'S SERVICES, INC., et al., Respondents. [608 NYS2d 235] —In an action to recover damages for personal injuries based upon medical malpractice, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Kings County (Bellard, J.), dated January 6, 1992, as denied her motion for leave to serve an amended complaint.

Ordered that the order is modified, on the law and as a matter of discretion, by granting the motion to the extent of permitting service of an amended complaint seeking punitive damages only against the defendant Boro Hall Women's Services, Inc. and otherwise denying the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements, and the plaintiff's time to serve an amended complaint demanding punitive damages against Boro Hall Women's Services, Inc., is extended until 20 days after service upon her of a copy of this decision and order, with notice of entry.

On a motion for leave to serve an amended pleading, the court is entitled to examine the proposed amendment to see whether there is any merit to it, and if there is not, to deny the motion *(see, Hauptman v New York City Health & Hosps. Corp.,* 162 AD2d 588). Upon examination of the proposed amended complaint at bar, it appears that the plaintiff's first cause of action to recover damages for medical malpractice is broad enough to encompass claims for abandonment of the plaintiff by the defendants.

However, the plaintiff has failed to allege sufficient facts to show that punitive damages might be warranted as against any defendant except Boro Hall Women's Services, Inc. (hereinafter Boro Hall). We note that the defendant Flatbush Women's Services, Inc. (hereinafter Flatbush), the alleged successor in interest to Boro Hall, was not even in existence at the time the plaintiff was injured, and the plaintiff has failed to provide any evidentiary proof showing any legal connection between it and the codefendant Boro Hall.

The plaintiff has also failed to allege sufficient facts to raise a factual issue as to whether punitive damages might be

awarded as against the defendant Dr. Alonzo Sherman. To justify an award of punitive damages, the plaintiff must show that the defendant's actions were grossly negligent or wanton (see, *Sultan v Kings Highway Hosp. Ctr.,* 167 AD2d 534; *Mullany v Eiseman,* 125 AD2d 457, 458; *Gravitt v Newman,* 114 AD2d 1000). Here, the only "facts" submitted by the plaintiff as to the standard of care provided by Dr. Sherman are the plaintiff's counsel's bare assertions, together with an uncertified copy of part of the record of the codefendant Long Island College Hospital. Significantly, in this medical malpractice action where it appears that partial discovery has been completed, the plaintiff has failed to submit an affidavit by an expert as to the conduct of the defendants. However, insofar as it appears that the defendant Boro Hall may have performed abortions without any legal authority to do so, and in violation of various pertinent New York City and New York State regulations, an issue of gross recklessness or wanton conduct has been raised, sufficient to put the issue of punitive damages before a jury. Sullivan, J. P., Santucci, Goldstein and Florio, JJ., concur.