[676 NYS2d 616]

Devon Henry et al., Respondents, v City of New York, Appellant, et al., Defendants.

Second Department, August 3, 1998

## APPEARANCES OF COUNSEL

*Michael D. Hess, Corporation Counsel* of New York City (*Larry A. Sonnenshein, Steven Levi* and *Kathleen Alberton* of counsel), for appellant.

*Fitzgerald & Fitzgerald, P. C.,* Yonkers (*John E. Fitzgerald, Elizabeth Holmes, John M. Daly* and *Michael D. Neuman* of counsel), for respondents.

## OPINION OF THE COURT

McGINITY, J.

This is an action to recover damages for personal injuries allegedly sustained by the infant plaintiffs resulting from the ingestion of lead paint in the apartment where their family lived which was owned by the City of New York. A notice of claim was timely served on behalf of each infant. However, the action was not commenced within the one-year-and-90-day period set forth in General Municipal Law § 50-i. At issue herein is whether the tolling provisions of CPLR 208 extend to the instant situation so as to preserve the infants' claims. We hold that they do not.

The relevant facts are as follows. The plaintiff Evon Carmen Henry, the mother of the infant plaintiffs Devon and Eann, served a notice of claim on behalf of each infant, received by the defendant City of New York on April 1, 1993 and August 31, 1993, respectively. Each claim alleged that the infant plaintiffs ingested lead paint while living in the City-owned apartment located at 1571 Sterling Place, apartment B-1, in Brooklyn. It was claimed that the City was negligent in the ownership, maintenance, and control of the apartment. The plaintiffs claimed damages in excess of $20,000,000.

This action was commenced in January 1995. The complaint alleged that the plaintiffs had timely filed their notices of claim, that the City had conducted its statutory hearing, and that the City had not settled or adjusted the claim. The first two causes of action were asserted by the mother on behalf of the infant plaintiffs, while in the third and fourth causes of action the mother asserted derivative claims for loss of services.

Insofar as relevant herein, the City moved to dismiss the complaint pursuant to CPLR 3211 (a) (5), asserting that the action was time barred. The Supreme Court granted the City's motion only to the extent of dismissing the derivative claims asserted by the mother in the third and fourth causes of action, expressly rejecting the City's argument that since the

mother was asserting causes of action on behalf of the infant plaintiffs, the usual infancy toll which is applied to the Statute of Limitations was inapplicable.

This case, in which the mother filed a timely notice of claim on behalf of each infant plaintiff yet failed to commence the action within one year and 90 days after the happening of the event upon which the claim is based, presents the principal issue of whether such one-year-and-90-day period is tolled pursuant to CPLR 208.

This appeal involves the interplay of General Municipal Law §§ 50-e and 50-i and CPLR 208. Pursuant to General Municipal Law § 50-e (1), as a condition precedent to the commencement of an action against a public corporation, the notice of claim shall be served within 90 days after the claim arises. The 90-day period may be extended in the court's discretion (General Municipal Law § 50-e [5]). Pursuant to General Municipal Law § 50-i, no action may be maintained against a city unless a notice of claim has been served, at least 30 days have elapsed since the service of that notice without adjustment or payment, and the action has been commenced within one year and 90 days after the happening of the event upon which the claim is based. CPLR 208 provides that "[i]f a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues, and the time otherwise limited for commencing the action * * * is less than three years, the time shall be extended by the period of disability".

We conclude that since the infant plaintiffs were not under a "disability because of infancy" within the meaning of CPLR 208, the tolling provisions of that statute are not applicable. Here, the infant plaintiffs, through the efforts of a legal guardian, were represented by counsel who filed a timely notice of claim on their behalf. Under such circumstances, the time within which to commence an action against the municipality runs in compliance with General Municipal Law § 50-i (1).

The holdings of the Court of Appeals in *Hernandez v New York City Health & Hosps. Corp.* (78 NY2d 687) and *Baez v New York City Health & Hosps. Corp.* (80 NY2d 571) are instructive. In *Hernandez v New York City Health & Hosps. Corp. (supra),* a wrongful death action where the sole distributee was an infant, the complaint was served after the expiration of the one-year-and-90-day Statute of Limitations then applicable to claims against the New York City Health and Hospitals Corporation. Recognizing that the infant's interests were at stake in bringing the action, the Court of Appeals

concluded that the Statute of Limitations was tolled only until appointment of a guardian or the attainment of majority of the sole distributee, whichever was earlier. In *Baez v New York City Health & Hosps. Corp. (supra)*, also a wrongful death action, the decedent had named the plaintiff as executrix of her estate and directed that the plaintiff be appointed guardian for her infant children. In that situation, the Court of Appeals held that CPLR 208 did not apply to toll the Statute of Limitations since the plaintiff, as executrix, could have timely sought appointment as the personal representative of the decedent's estate and commenced the action on the infants' behalf.

The reasoning employed in *Hernandez* and *Baez* should be applicable herein. The infant plaintiffs have a viable tort claim against the municipality and their interests have been protected by a legal guardian and counsel who filed a timely notice of claim pursuant to General Municipal Law § 50-e. Under such circumstances, the tolling provisions of CPLR 208 have no applicability as the infants were not at that point under a disability.

This determination is consistent with the salutary purposes of notice of claim provisions of encouraging prompt notice of incidents, and prompt institution of actions (*cf., Salesian Socy. v Village of Ellenville,* 41 NY2d 521, 524), while not unreasonably denying an infant plaintiff the right to assert a claim (*see, Hernandez v New York City Health & Hosps. Corp., supra,* at 694). Moreover, this determination gives full recognition to General Municipal Law § 50-i, in that where a notice of claim has been timely served and at least 30 days have elapsed, suit must be commenced within the time frame set forth in the statute. No obstacle then exists to the timely commencement of suit where, as here, the infant plaintiffs do not suffer from any disability by reason of their infancy, for their interests have been protected.

Earlier cases applying the infancy toll to extend the time within which an infant may commence an action against a municipality pursuant to General Municipal Law § 50-i are readily distinguishable (*see, e.g., Sadler v Horvath,* 44 AD2d 905; *Corbett v Fayetteville-Manlius Cent. School Dist.,* 34 AD2d 379; *Kratz v Dussault,* 33 AD2d 826) as those cases dealt with the pre-1974 revision to CPLR 208. That former version of CPLR 208 afforded protection to a person "under the age of twenty one years". Tellingly, as amended in 1974, CPLR 208 no longer affords protection by reason of age but rather affords

protection to those persons entitled to commence an action who are under a "disability because of infancy" (CPLR 208, as amended by L 1974, ch 924). Since, as we have noted, the infant plaintiffs no longer suffered from "a disability because of infancy" as their interests were protected by a legal guardian and counsel, the infancy toll of CPLR 208 is not applicable.

Accordingly, the order is reversed insofar as appealed from, on the law, with costs, the City's motion is granted in its entirety, and the complaint is dismissed insofar as asserted against it.

Ritter, J. P., Thompson and Altman, JJ., concur.

Ordered that the order is reversed, insofar as appealed from, on the law, with costs, the motion of the defendant City of New York is granted in its entirety, and the complaint is dismissed insofar as asserted against it.