OPINION OF THE COURT
Richard A. Goldberg, J.
On October 7,1993, a collision occurred between a van owned and operated by defendants and an automobile owned by the infant plaintiffs father, Kelly Wright. The infant plaintiff and his mother, Carolyn Wright, were passengers in the latter vehicle. Kelly Wright and Carolyn Wright brought suit on February 8, 1994 to recover damages for personal injuries they sustained as a result of the accident, and a jury verdict for full liability against defendants was returned on April 13, 1998. The present action on behalf of the infant plaintiff was commenced on May 11, 1998. In their verified answer to plaintiffs complaint, defendants assert the Statute of Limitations as an affirmative defense.
Plaintiff, pursuant to CPLR 3211 and 3212, now moves for summary judgment on the issue of liability on the ground that defendants are collaterally estopped from relitigating the issue *291 of their negligence. Defendants oppose the motion and, pursuant to CPLR 3211 (a) (5), cross-move for summary judgment dismissing the complaint as time barred. Defendants argue that, pursuant to CPLR 208, the Statute of Limitations is three years after a disability ceases, and that the infant plaintiffs disability “ceased no later than the time the infant’s mother and natural guardian, Carolyn Wright, acted in such a way to protect the infant’s rights such that the infant’s interest [s] were protected by a legal guardian and counsel”, that is, on February 8, 1994 at the latest.
CPLR 208 provides, in relevant part, “[i]f a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more * * * the time within which the action must be commenced shall be extended to three years after the disability ceases.”
Until the statute was amended in 1974 (L 1974, ch 924, § 2), the toll for infancy was available to a person “under the age of twenty-one years.” (CPLR former 208.) In recent years, the appellate courts of New York have shown a willingness to carefully scrutinize the exact language of the current statute and to narrowly construe when a “disability because of infancy” applies to toll the Statute of Limitations. In Hernandez v New York City Health & Hosps. Corp. (78 NY2d 687, 694 [1991]), the Court of Appeals held that, in a wrongful death action where the sole distributee was an infant, “the Statute of Limitations is tolled only until appointment of a guardian or the majority of the sole distributee, whichever is earlier, when letters of administration may issue and a personal representative may assume the role of plaintiff. That is the first time there exists a potential personal representative entitled to ‘commence an action’ (see, CPLR 208; SCPA 1001 [2], [6]). Establishing the earliest time for removal of the disability in the unusual situation presented accommodates both the interests of the infant and those of society in barring stale claims.” Although, in Hernandez, the toll was applied to save what was statutorily the estate’s claim, but was essentially the infant distributee’s right of recovery, the language employed by the Court of Appeals makes it clear that the mere assertion of infancy is insufficient to invoke the toll. Further, in Baez v New York City Health & Hosps. Corp. (80 NY2d 571, 576 [1992]), where decedent’s will named her mother executrix of her estate and guardian of her infant children, the Court of Appeals held that, *292 “[u]pon her daughter’s death, plaintiff Baez could have timely sought appointment as a personal representative to commence the actions on behalf of the infant children and her failure to do so does not suspend the running of the applicable limitations period.” The Court explained that its holding in Hernandez did not control, because the decedent’s will named her mother executrix of her estate, and the statute was not tolled, as the action could have been timely commenced upon appointment of decedent’s mother as personal representative of the estate. Thus, the “potential personal representative” required by Hernandez was already present and entitled to commence the action. To read Baez literally, the disability for infancy would terminate whenever there is a “potential” personal representative available. Such an interpretation would effectively bar any toll for infancy since there are parents or natural guardians almost invariably available who assume responsibility for an infant. That cannot be what the Legislature intended in enacting CPLR 208. More recently, in Henry v City of New York (244 AD2d 93 [2d Dept 1998]), the Second Department, relying on Hernandez and Baez, held that the toll does not apply where a notice of claim had been timely served pursuant to section 50-e of the General Municipal Law upon defendant by the infant claimants’ mother, but the action was not timely commenced. The Court reasoned that, under Hernandez and Baez, since the infant plaintiffs’ interests had been “protected by a legal guardian and counsel * * * the tolling provisions of CPLR 208 have no applicability as the infants were not at that point under a disability.” (Supra, at 96 [emphasis added].) Henry is most persuasive in its analysis of the statutory language, which explicitly requires that the toll be imposed by reason of the disability of infancy and not merely by reason of the fact of infancy. The cautionary lesson to be gleaned from Henry, however, is that, once legal representation is undertaken, it must be practiced with due care, not that the mere existence of a parent negates the toll.
The import of Hernandez, Baez and Henry (supra), therefore, is such that the disability for infancy terminates when a personal representative is appointed to protect the interests of the infant or a potential personal representative acts affirmatively to protect the legal interests of the infant. (See also, Monaghan v SZS 33 Assocs., 827 F Supp 233, 243 [SD NY 1993].)
The court must therefore examine whether the parents (and natural guardians) of the infant acted affirmatively to protect *293 the infant’s legal rights to an extent sufficient to terminate the disability of infancy for Statute of Limitations purposes.
The only affirmative act the parents ostensibly took which may be construed to protect the infant’s legal rights prior to commencement of this suit was to file for no-fault benefits. This, however, is neither an assertion of any claim to benefit the infant nor a protection of the infant’s rights since it is the parents, not the infant, who are legally responsible for the care and medical treatment of the infant. Thus, the filing of a no-fault benefit claim does not inure to the direct benefit of the infant, who is merely the consequential beneficiary of the medical treatment paid for by no-fault benefits, but rather serves to recompense the parents for the medical expenses incurred for treatment for their child. Thus, the filing for no-fault benefits for the infant by the parents cannot be considered an affirmative act to protect the legal interests of the infant such as to terminate the disability for infancy referred to in CPLR 208.
Further, the mere commencement of a lawsuit by the parents of the infant on their own behalf, without including the infant in the claim, cannot serve to terminate the statutory toll for infancy. At that point, the parents were clearly acting for their own benefit, if not contrary to the interests of the infant. Although the court believes that the ends of judicial economy would have been better served had the infant’s action been brought at the time the parents’ action was brought, the court declines to read the statute, Hernandez, Baez or Henry (supra) so broadly as to disallow the toll under these circumstances. Defendants’ cross motion will be denied.
With respect to plaintiffs motion for summary judgment on the issue of liability, “ [collateral estoppel * * * is but a component of the broader doctrine of res judicata which holds that, as to the parties in a litigation * * * a judgment on the merits by a court of competent jurisdiction is conclusive of the issues of fact and questions of law necessarily decided therein in any subsequent action * * * This principle * * * is grounded on the premise that once a person has been afforded a full and fair opportunity to litigate a particular issue, that person may not be permitted to do so again” (Gramatan Home Investors Corp. v Lopez, 46 NY2d 481, 485 [1979]). Here, it is not disputed that defendants were afforded a full and fair opportunity to litigate the issue of their negligence in the happening of the accident on October 7, 1993 and indeed did fully litigate the issue. Accordingly, they are estopped from contesting their liability in the present action and plaintiffs motion will be granted.
*294 As discussed above, there is no legal impediment to this suit on behalf of the infant. It does appear to the court, however, that the primary motive in delaying the institution of this suit until after the issue of liability was judicially determined was to obtain maximum recovery for the parents to the detriment of the infant and to permit plaintiff’s attorneys to handle the significant claims of both the parents and the infant, with potentially deleterious consequences to the infant’s claim.* Since it is apparent to the court that the parents, in resolving their individual claims prior to pursuing the infant’s claim, have chosen to place their own interests above those of the infant, the potential recovery by the infant may well be impaired if the then-available funds prove to be insufficient upon resolution of his claim. This breach of their fiduciary duty to the infant, who remains a ward of the court, cannot be condoned by the court and the infant may well have an equitable claim against the parents’ recovery. Accordingly, the parents are relieved from representing the infant in this lawsuit and the court will appoint an independent guardian ad litem to represent the infant in the action. Similarly, plaintiff’s present attorneys are relieved from further representation since there was and still is, at the very least, a potential conflict of interest in their representation of both the parents and the infant. (See, Code of Professional Responsibility DR 5-105 [22 NYCRR 1200.24]; EC 5-15.)
Therefore, it is ordered that plaintiff’s motion for summary judgment on the issue of liability is granted; and it is further ordered that defendants’ cross motion is denied; and it is further ordered that Carolyn Wright be substituted as plaintiff on behalf of the infant in this action by the Public Administrator of Kings County or, if such appointment is declined, by an independent guardian ad litem to be appointed by the court; and it is further ordered that plaintiff’s present attorneys are hereby relieved of all representation of the infant plaintiff in this action; and it is further ordered that the substitute plaintiff retain independent counsel to prosecute this claim and any corollary relief; and it is further ordered that, upon payment of their out-of-pocket disbursements, plaintiff’s present attorneys turn over their file in this matter to substitute *295 counsel; and it is further ordered that a copy of this order be served on the Public Administrator of Kings County; and it is further ordered that all proceedings are stayed for a period of 60 days pending compliance with this order.

 Here, the parents recovered a total of $500,000 on their respective claims. The photograph of the infant plaintiffs facial scarring attached to the plaintiffs papers show significant disfigurement. The papers do not indicate to what extent, if any, coverage exists in excess of the amount already paid out by defendants.