[691 NYS2d 12]

GEORGE JUSINO et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.

In the Matter of GEORGE JUSINO et al., Appellants, v NEW YORK CITY HOUSING AUTHORITY, Respondent.

First Department, April 29, 1999

### APPEARANCES OF COUNSEL

*Steven J. Mines* of counsel (*Dubow & Smith,* attorneys), for appellants.

*Vincent R. Fontana* of counsel (*Nina Cangiano* on the brief; *Wilson, Elser, Moskowitz, Edelman & Dicker, L. L. P.,* attorneys), for respondent.

### OPINION OF THE COURT

Ellerin, P. J.

At issue on this appeal is whether an infant's absence from the country due to his parent's military service will excuse his unavailability for an examination pursuant to General Municipal Law § 50-h.

On January 17, 1992, when he was 11 years old, George Jusino, Jr. (George Jr.) allegedly suffered an injury when a window fell on his hand while he was visiting his aunt in an

apartment building owned and operated by respondent, New York City Housing Authority (NYCHA). Shortly after the accident, and before a notice of claim was filed, George Jr. moved to Germany, where his father was on active duty with the United States Army. However, within 90 days of the injury, a notice of claim, describing the date, location and circumstances of the accident and the injury, was filed on George Jr.'s behalf by his aunt, Norma Feliciano, who identified herself as his "guardian". Attached to the notice was a complaint from the tenants' association to NYCHA regarding a defective window in the aunt's apartment stating that it was the second time it had fallen on someone.

When NYCHA scheduled an examination of George Jr. pursuant to General Municipal Law § 50-h, it was adjourned on consent several times until, in March 1993, the first of the two proceedings involved herein was commenced by George Jusino (George Sr.), as guardian for George Jr., and individually[1], and a motion was made for enlargement of time for George Jr. to appear at the section 50-h examination. Respondent opposed the motion on the grounds, *inter alia*, that petitioners were required to inform the court of the date the military service would be completed. On May 27, 1993, that motion was denied with leave to renew.

On April 1, 1997, George Sr. was honorably discharged from the Army and moved to Savannah, Georgia with his son. By motion dated June 9, 1997, petitioners renewed their motion for an enlargement of time for George Jr. to appear at a section 50-h examination, stating that he was now available and arguing that the delay in availability should be excused on the ground of their removal to Germany on military duty. In an order entered September 17, 1997, which is the subject of the instant appeal, Supreme Court refused to enlarge the time for the section 50-h examination on the ground that petitioners "basically did not [do] much for 4½ years. No legal excuse has been presented. Therefore because there must be finality to litigation motion is denied." Thus, the court apparently granted renewal of the decision made in 1993 upon the additional evidence that petitioners had now returned to the country and adhered to its original decision denying an enlargement of time to appear at the section 50-h examination. The court does

---

1. It appears that the only relief sought by George Sr., individually, was to be substituted as guardian for George Jr.'s aunt in the notice of claim (*see*, CPLR 1201). We note that respondent has not alleged that it would suffer any prejudice as a result of this amendment.

not appear to have considered whether the delay may have been warranted on the basis of section 304 of the Military Law but merely concluded that 4½ years was too long. By denying their motion, the court, sub silentio, also denied petitioners' request to amend the notice of claim to substitute George Sr. for Ms. Feliciano as George Jr.'s guardian.

Petitioners thereupon started a new proceeding and moved for leave to file a late notice of claim on George Jr.'s behalf, which, if successful, would have restarted the period in which he would be required to appear at the section 50-h examination. They offered essentially the same rationale for filing a late notice of claim that they had set forth in the prior proceeding for an enlargement of time to appear at the examination, i.e., that the delay should be excused based on their removal to Germany. This motion was denied on the ground that the issue had been previously decided in the September 1997 order.

Petitioners appeal both the denial of their motion to enlarge George Jr.'s time to appear at the examination, and the denial of their motion for permission to file a late notice of claim. We find that the Supreme Court erred in denying the motion to enlarge George Jr.'s time to appear for the section 50-h examination and that the appeal from the denial of his subsequent motion for permission to file a late notice of claim is therefore rendered academic.

Clearly, respondent NYCHA is entitled, under General Municipal Law § 50-h, to an examination of the claimant upon oral questions, as well as to a physical examination where necessary (see, Matter of Dickey v City of New York, 167 AD2d 238; Best v City of New York, 97 AD2d 389, affd 61 NY2d 847). Normally, such an examination must be held within 90 days of service of a demand therefor, although the claimant is entitled to seek an adjournment or postponement beyond the 90-day period, in which case the municipal entity is required to "reschedule the hearing for the earliest possible date available" (General Municipal Law § 50-h [5]).

Petitioners argue that George Jr.'s obligation to appear for the section 50-h hearing was stayed as a matter of law by Military Law § 304, which provides, in pertinent part: "At any stage thereof, any action or proceeding in any court or in any adjudicatory * * * proceeding before any state agency, including any * * * public authority * * * in which a person in military service is involved as a party, during the period of such service or within sixty days thereafter * * * shall, on application to it by such person or some person on his behalf, be

stayed * * * unless, in the opinion of the court or adjudicatory * * * agency, the ability of plaintiff to prosecute the action, or the defendant to conduct his defense, or in any adjudicatory * * * proceeding the ability of the party to represent his interest, is not materially affected by reason of his military service."

As a threshold matter, we find that the stay set forth in this section applies to section 50-h examinations, which constitute adjudicatory proceedings before a public authority. Moreover, we find that by informing the agency of and by moving for an enlargement of time in Supreme Court based on George Sr.'s military service, petitioners properly applied for such relief. Thus, the remaining question is whether Military Law § 304 operates to stay the obligation of George Jr., who was not actually in the military but was instead a minor dependent of a person in the military, to appear.

While the comparable Federal statute, i.e., the Soldiers' and Sailors' Civil Relief Act of 1940 (50 USC, Appendix § 501 *et seq.*)[2] has been held not to extend to tort claims by military dependents (*see, Peace v Bruce*, 1988 US Dist LEXIS 6278 [SD Ga, June 15, 1988, Edenfield, J.]), the rationale for that decision is instructive inasmuch as it relies on specific language in the Federal statute limiting its application to persons actually serving in the military "and no others" (*see also, Wanner v Glen Ellen Corp.*, 373 F Supp 983, 986 [D Vt]).[3]

New York's corresponding statute is significantly different. Not only is its reach beyond that of the Federal statute as to the type of proceedings to which it will apply, including proceedings before administrative agencies such as the one now before us, but, even more significant in context of the case before us is the fact that it contains no similarly specific

---

**2.** "At any stage thereof any action or proceeding in any court in which a person in military service is involved, either as plaintiff or defendant, during the period of such service or within sixty days thereafter may, in the discretion of the court in which it is pending, on its own motion, and shall, on application to it by such person or some person on his behalf, be stayed as provided in this Act, unless, in the opinion of the court, the ability of plaintiff to prosecute the action or the defendant to conduct his defense is not materially affected by reason of his military service" (50 USC, Appendix § 521).

**3.** 50 USC, Appendix § 511 (1) provides in pertinent part: "The term 'person in military service', the term 'persons in military service', and the term 'persons in the military service of the United States', as used in this Act [50 USC, Appendix § 501 *et seq.*], shall include the following persons *and no others*: All members of the Army of the United States, the United States Navy, the Marine Corps, the Air Force, the Coast Guard, and all officers of the Public Health Service detailed by proper authority for duty either with the Army or the Navy" (emphasis supplied).

language restricting its application to specified members of the military "and no others".

We find that, under these circumstances, the section 304 stay is available to an infant who is in the care of a parent whose military duty causes the infant to be unable to "represent his interest." The purpose of this section is to protect those in the military from sacrificing their rights while serving their country. That purpose would be substantially undermined were we to require them to sacrifice the rights of their children. Contrary to NYCHA's argument, this is not an inappropriate use of section 304 as a sword, rather than as the shield it was meant to be (cf., *Goot v Board of Educ.*, 82 AD2d 985, *appeal dismissed* 54 NY2d 833). Rather, it is use of the statute as a shield to protect the members of our armed services from harm not only to themselves, but to their dependent children as well. Moreover, inasmuch as the statute specifically provides that it will not be applied where the ability of the person asserting it to proceed is not affected by the demands of military service, we see no possibility that extending its protection to the dependent children of military personnel will afford them an unfair advantage.

We therefore find that petitioners were entitled to invoke section 304 to stay the necessity of appearing for the General Municipal Law § 50-h examination. The applicability of the stay, however, does not fully resolve the matter before us since by the terms of the statute, the stay only extends for 60 days after cessation of the military service. Here, no attempt was made to appear for the examination until the motion to renew was brought 68 days after the return of the Jusinos to the United States. Therefore, the statutory protection is not dispositive.

Instead, we must look to the standard that the court should generally apply in granting an enlargement of time to appear for a section 50-h examination where a litigant has filed a timely notice of claim. In light of the fact that the section 50-h examination is an integral part of the statutory scheme protecting municipal litigants by assuring that they are provided with prompt and adequate information regarding the nature of claims brought against them (see, *Salesian Socy. v Village of Ellenville*, 41 NY2d 521, 524; *Alford v City of New York*, 115 AD2d 420, *affd in part and appeal dismissed in part* 67 NY2d 1019), it is clear that the considerations that go into determining the timeliness of a section 50-h examination are essentially identical to those that go into whether a notice of claim has

been timely filed. These factors are designed to balance the very appropriate interest of a municipality in prompt notice with an injured party's interest in just compensation (*Matter of Parco v City of New York*, 160 AD2d 581). Therefore, we find that the question as to whether a litigant's time to appear for a section 50-h examination should be enlarged is to be resolved by consideration of the same factors as are relevant to an application to extend time to file a notice of claim pursuant to section 50-e (5), including infancy, whether there is a reasonable excuse for the delay, whether the public corporation acquired actual knowledge of the facts constituting the claim within 90 days or a reasonable time thereafter and whether the public corporation's defense would be substantially prejudiced by the delay (*see, Price v Herstic*, 240 AD2d 151; *Matter of Strauss v New York City Tr. Auth.*, 195 AD2d 322; *Soreca v New York City Hous. Auth.*, 177 AD2d 254).

Applying that standard to the matter at issue, we find that the court erred in not extending George Jr.'s time to appear. At the outset, it is clear that the municipal corporation obtained timely notice of the claim, since the notice of claim was timely filed. We note that respondent's attempt to argue that the notice was not sufficient because there was some confusion as to whether the window involved was in the living room or the dining room has little merit. Even assuming that Housing Authority apartments are equipped with separate, formal dining rooms, this slight lack of clarity could hardly have impeded an investigation.

Moreover, NYCHA has not set forth any reason to believe that it would be substantially prejudiced in defending this claim because of the delay in examination.

As to the impact of infancy on such an application, it is clear that the infancy toll set forth in CPLR 208[4] did not require the court, as a matter of law, to extend George Jr.'s time to appear. Since section 50-h, like section 50-e, is not a Statute of Limitations, resolution of the propriety of a postponement is not a purely legal issue that depends on whether a tolling statute

---

4. "If a person entitled to commence an action is under a disability because of infancy or insanity at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases, or the person under the disability dies, the time within which the action must be commenced shall be extended to three years after the disability ceases or the person under the disability dies, whichever event first occurs; if the time otherwise limited is less than three years, the time shall be extended by the period of disability".

applies. Thus, just as section 50-e merely gives the court discretion to extend the time to file a notice of claim prior to expiration of the Statute of Limitations without requiring it to grant such an extension (*see, Cohen v Pearl Riv. Union Free School Dist.*, 51 NY2d 256; *Sarjoo v New York City Health & Hosps. Corp.*, 252 AD2d 449), so too does section 50-h give the court discretion to extend the time to appear at an examination without requiring it to do so. However, infancy is clearly an important factor for the court to take into account in determining whether to grant an application to file a late notice of claim (*see, e.g., Cruz v City of New York*, 200 AD2d 407) and should be of similar importance in determining whether to grant permission to enlarge the time to appear at a section 50-h examination.

Respondent, however, argues that, under the circumstances of this case, we should not take George Jr.'s infancy into account at all, and, indeed, impliedly argues that the Statute of Limitations has run on George Jr.'s claim, because he was represented by counsel. Respondent relies heavily upon *Henry v City of New York* (244 AD2d 93, *lv granted* 93 NY2d 802), in which the Second Department, reasoning that the interests of the infants involved in that case were protected by counsel and a legal guardian, held that they suffered no disability due to their infancy and that CPLR 208 does not apply to toll the Statute of Limitations. Respondent argues that, under the rationale of *Henry*, there would similarly be no reason to take infancy into account in the instant situation involving the effect of infancy on the timeliness of an appearance for a section 50-h hearing.

However, even assuming that petitioners were continuously represented by counsel throughout these proceedings, which is not clear from the record before us, in *Rosado v Langsam Prop. Serv. Corp.* (251 AD2d 258), this Court held that where timely notices of claim were filed for infants who allegedly ingested lead paint, but the action was not commenced until after the one year and 90 day limitation in General Municipal Law § 50-i, CPLR 208 tolled the time in which the infants were required to bring their action, specifically noting that "[a]n infant should not be penalized for the failures or neglect of his guardian or attorney" (*supra*, at 258; *Murphy v Village of Fort Edward*, 213 NY 397, 403; *Cruz v City of New York, supra*, 200 AD2d, at 408).

Having held that representation by counsel does not obviate a CPLR 208 toll, we perceive no reason to hold that it obviates

the effect of infancy on an application to extend time to appear at a section 50-h examination. We therefore hold that George Jr.'s infancy is a factor which the court should have taken into account in determining whether to enlarge his time to appear. Moreover, when combined with the prompt notice of claim and the minimal length of the delay that occurred after expiration of the military stay, we find that petitioners have offered a more than sufficient excuse and that, under all of these circumstances, Supreme Court erred in denying him the enlargement of time to appear for examination.

Accordingly, the order of the Supreme Court, New York County (Robert Lippmann, J.), entered September 17, 1997, which denied petitioners' motion to enlarge George Jr.'s time to appear for a General Municipal Law § 50-h examination and to substitute George Sr. as guardian, should be reversed, on the law, the facts and in the exercise of discretion, without costs, and the motion granted. The appeal from the order of the Supreme Court, New York County (Bruce Allen, J.), entered April 8, 1998, which, in a subsequent action regarding the same claim, denied petitioners' motion for leave to file a late notice of claim, should be dismissed, without costs, as academic.

SULLIVAN, WILLIAMS and TOM, JJ., concur.

Order, Supreme Court, New York County, entered September 17, 1997, reversed, on the law, the facts and in the exercise of discretion, without costs, and petitioners' motion to enlarge their time to appear for a General Municipal Law § 50-h examination and to substitute George Sr. as guardian granted. Appeal from order, same court, entered April 8, 1998, dismissed, without costs, as academic.