*156 OPINION OF THE COURT
David Goldstein, J.
ISSUE
The issue presented is whether the infancy toll provided by CPLR 208, in relation to the operative Statute of Limitations in a medical malpractice action against a private hospital, should apply throughout the minority of the child, notwithstanding that the infant had been represented by a parent, as guardian, who, through counsel, previously litigated and settled a separate malpractice action against a private physician. Stated otherwise, should the holding in Henry v City of New York (244 AD2d 93, Iv granted 93 NY2d 802), which is binding upon this court, be extended beyond the municipal liability setting in Henry to apply to a medical malpractice claim against a private hospital?
FACTS
This medical malpractice action was commenced in 1995 by Debra Strignano, as mother and natural guardian of her daughter, Katie Strignano. The complaint charges negligence in the care and treatment rendered to the infant on July 10 and 11, 1985, when the child was four months of age.
In 1987, a prior malpractice action had been brought against the infant’s pediatrician, Dr. John Sperandeo. That action, wherein plaintiff appeared by her father as natural guardian, and was represented by the same attorneys as, in this case, concerned the care and treatment rendered by the pediatrician during a portion of the same period of time as is at issue here (June 21-July 10, 1985). Both actions involve similar claims of medical malpractice, namely, a failure to timely diagnose meningitis, which allegedly resulted in seizures and culminated in traumatic brain damage.
The allegations and issues in both actions are similar in material and critical respects. The prior action came on for trial in 1992 before Mr. Justice Lonschein and a jury and was settled during trial for a structured settlement of about $500,000. During the trial, before a settlement was reached, plaintiffs expert opined that the hospital was at least partially responsible in failing to make an early diagnosis when the child was admitted to the emergency room on July 10, 1985, as well as for the delay in performing a spinal tap.
Two years after settlement of the earlier action brought against the pediatrician, this action against Jamaica Hospital was commenced on February 6, 1995. The responsive pleading did not include Statute of Limitations as a defense, since it *157 was assumed that CPLR 208 appeared to afford the child a statutory toll during her minority and it was not until August 1998, when the Henry case (supra) was decided, that, conceivably, the representation of and appearance in the earlier action by the guardian and counsel could operate to terminate the infancy toll. In effect, the Henry Court held that the representation and appearance terminated the statutory toll since the child was no longer “under a ‘disability because of infancy’ ” (Henry v City of New York, 244 AD2d, at 95). Thus, this motion was brought to amend the answer to interpose Statute of Limitations as a defense and for summary judgment thereon. A prior application in April 1998 had resulted in leave to amend the answer to interpose an offset pursuant to General Obligations Law § 15-108, in terms of the settlement of the earlier action against the pediatrician and the relative responsibility of the doctor and the hospital.
DISCUSSION
Prior to 1974, CPLR 208 afforded tolling protection to any person “under the age of twenty-one years.” The 1974 amendment to CPLR 208 was part of a comprehensive legislative package of 53 bills, designed to give effect to the reduction in the age of majority from 21 to 18 years. According to the memorandum of the Law Revision Commission, “In all instances, amendatory language has been kept to a minimum in order to interfere as little as possible with existing language.” (1974 Report of NY Law Rev Commn, Recommendation of the Law Revision Commission to the Legislature, 1974 McKinney’s Session Laws of NY, at 1889.) Plainly, what was envisioned was minimal interference with substantive rights and laws, other than the reduction in the age of majority from 21 to 18 years. Thus, the amended statute merely substituted the phrase “under a disability because of infancy” in place of the reference to a person “under the age of twenty-one years.” (CPLR 208, as amended by L 1974, ch 924.) Nowhere in the legislative history or memoranda is there any suggestion that what was contemplated was any significant alteration or variation in substantive rights or duties. CPLR 208 provides in pertinent part as follows: “If a person entitled to commence an action is under a disability because of infancy * * * at the time the cause of action accrues, and the time otherwise limited for commencing the action is three years or more and expires no later than three years after the disability ceases * * * the time within which the action must be commenced shall be extended to three *158 years after the disability ceases * * * if the time otherwise limited is less than three years, the time shall be extended by the period of disability. The time within which the action must be commenced shall not be extended by this provision beyond ten years after the cause of action accrues, except, in any action other than for medical * * * malpractice, where the person was under a disability due to infancy.”
In Henry v City of New York (supra), an action to recover for the ingestion of lead paint, the Appellate Division, Second Department, concluded that the statutory amendment had far-reaching substantive effect, so as to bar as untimely an action brought against a municipality where an attorney and a legal guardian had filed a timely notice of claim on behalf of the infant plaintiffs under General Municipal Law § 50-e, but thereafter failed to commence the action within the one-year and 90-day period provided by General Municipal Law § 50-i. The Court held that the tolling provision contained in CPLR 208 did not extend so as to preserve the infants’ claims. In doing so, the appellate court concluded that, inasmuch as the infant plaintiffs were represented by a legal guardian and by counsel, who had filed a timely notice of claim, they were not under a “disability because of infancy”, within the terms and context of CPLR 208, and the tolling provisions of the statute were inapplicable.
“Earlier cases applying the infancy toll to extend the time within which an infant may commence an action against a municipality pursuant to General Municipal Law § 50-i are readily distinguishable [citing cases] as those cases dealt with the pre-1974 revision to CPLR 208. That former version of CPLR 208 afforded protection to a person ‘under the age of twenty one years’. Tellingly, as amended in 1974, CPLR 208 no longer affords protection by reason of age but rather affords protection to those persons entitled to commence an action who are under a ‘disability because of infancy’ (CPLR 208, as amended by L 1974, ch 924). Since, as we have noted, the infant plaintiffs no longer suffered from ‘a disability because of infancy’ as their interests were protected by a legal guardian and counsel, the infancy toll of CPLR 208 is not applicable.” (Henry v City of New York, supra, 244 AD2d, at 96-97.)
Slightly more than one month prior to the Second Department determination in Henry (supra), the Appellate Division, First Department, reached what appears to be a contrary conclusion in Rosado v Langsam Prop. Serv. Corp. (251 AD2d 258), a case also dealing with municipal liability. Similar to *159 the situation to confront the Second Department in Henry, the infant plaintiffs guardian, represented by counsel, had filed a timely notice of claim but failed to commence an action within the one-year and 90-day limitation period. Nevertheless, the First Department held that the action “was not * * * time-barred since the initial prosecution of his claim by the legal representatives did not preclude him from invoking the CPLR 208 disability toll to prevent the running of the statutory period (see, e.g., Russo v City of New York, 258 NY 344, 347-348). An infant should not be penalized for the failures or neglect of his guardian or attorney (Murphy v Village of Fort Edward, 213 NY 397, 403; Cruz v City of New York, 200 AD2d 407, 408).” (Rosado v Langsam Prop. Serv. Corp., supra, at 258-259.)
Although the First Department memorandum is somewhat cryptic in its analysis and consideration of the issue in terms of its writing, review of the record and briefs discloses without question that the issue was fully litigated and presented on the appeal. Indeed, the briefs and issues in Rosado (supra) are materially similar if not identical in substance to that presented to the Second Department in Henry (supra). Moreover, the First Department’s reliance upon the 1932 determination in Russo v City of New York (supra) is significant since, in that case, the Court of Appeals used the phrase “disability by reason of infancy” and held that “the provision that the action must be commenced within one year after the cause of action accrues is not in the nature of a Statute of Limitations which runs during infancy * * * Plaintiff had one year after the disability of infancy ceased in which to begin her action.” (Russo v City of New York, supra, 258 NY, at 349.)
The determination in Henry (supra) has been adhered to by at least two IAS Courts, one in Nassau County on constraint (Petti v Farmingdale Pub. Schools, NYLJ, Nov. 30, 1998, at 33, col 6), and another in Kangs County, finding Henry “most persuasive in its analysis of the statutory language” (Wright v Area Bus Corp., 179 Misc 2d 289, 292), and was rejected by at least one, in Albany County (Cardona v County of Albany, Sup Ct, Albany County, Ceresia, J.; see, Spencer, Infancy Toll in Effect Until Age of Majority, NYLJ, Apr. 20, 1999, at 1, col 6). One subsequent Second Department memorandum expressed its agreement with the Henry principle, albeit in dicta (Matter of Meletiche v City of New York, 260 AD2d 385).
To the extent there was any doubt as to the scope or extent of the First Department’s pronouncement and holding in *160 Rosado (supra), most recently, the Court crystalized the clear conflict between the Departments in Jusino v New York City Hous. Auth. (255 AD2d 41). In an opinion by Presiding Justice Ellerin, the Jusino Court reaffirmed its earlier ruling in Rosado, albeit the issue in Jusino was whether the infant’s absence from the country as a result of his parent’s military service sufficed to excuse his unavailability for an examination pursuant to General Municipal Law § 50-h. The Court analogized the specific issue in Jusino to that confronted in Rosado, applying the very same factors and consideration, namely, infancy, to a request for additional time to appear for a General Municipal Law § 50-h hearing (Jusino), as that which had been considered on an application to extend the time to file a notice of claim or to commence an action in timely fashion (Rosado). In reliance upon Rosado (supra) and the generally recognized principle that an infant or minor should not be penalized for the failure or default of his guardian and/or his attorney, the Jusino Court concluded: “Having held that representation by counsel does not obviate a CPLR 208 toll, we perceive no reason to hold that it obviates the effect of infancy on an application to extend time to appear at a [General Municipal Law §] 50-h examination. We therefore hold that George Jr.’s infancy is a factor which the court should have taken into account in determining whether to enlarge his time to appear.” (Jusino v New York City Hous. Auth., supra, 255 AD2d, at 48-49.)
While I am cognizant of the principles which render the Henry determination binding, I am also mindful of my judicial and ethical responsibility to decide matters in accordance with the applicable law. Approximately 25 years has elapsed since the 1974 amendment to CPLR 208, which, according to the Law Revision Commission, was not to incorporate any broad, sweeping changes. Nevertheless, and notwithstanding the absence of but one decision, either on an appellate or trial level, published or unpublished, pointing or even suggesting the other way, the Henry Court has declared that the change in the statutory language, from reference to a particular age to a person “under a disability because of infancy” is not only significant and critical, it is controlling. The phrase, however, is almost identical to that adopted by Judge Pound over 67 years ago in Russo v City of New York (supra, 258 NY, at 349), where the Court of Appeals referred to “disability by reason of infancy” and “the disability of infancy” in terms of the time *161 within which an action could be commenced under former Civil Practice Act § 60. Review of the legislative history readily demonstrates that the term “disability”, which appears in CPLR 208, derives from former Civil Practice Act § 60 and refers to certain legally prescribed disabilities, namely, infancy, insanity and imprisonment on a criminal charge.
Nor, in my view does the determination in Henry (supra) have a rational basis in relation to the applicable law. In terms of the time to commence an action, it rewards the infant whose parent or guardian takes no action and, in a municipal liability case, works to the disadvantage of one on whose behalf a notice of claim is filed in sufficient time and manner to permit an investigation of the underlying facts. More importantly, it ignores a central purpose of the infancy toll, which is to defer the time within which an action must be brought so as to maximize the potential of the infant to assist counsel in the preparation and presentation of the case. Carried to its extreme, it would obliterate entirely the concept of an infancy toll in favor of what appears to be rough and, in my view, most unwise, quick justice. It also wholly ignores the frequency of those injuries where the severity of the injury cannot be ascertained, precisely because the injured party is an infant. Take, for example, a growth plate injury. The true nature and extent of the injury and loss cannot be measured or even known until the passage of time, a circumstance for which no consideration or remedy is given or afforded by the broad pronouncements in Henry. Nor do I find any merit to the result in Henry, which merely substitutes an action against the attorney for legal malpractice, in place of the negligence action against the primary tortfeasor. This is hardly the underlying function to be accomplished by traditional tort concepts in terms of legal responsibility.
Thus, contrary to my learned colleague in Wright v Area Bus Corp. (supra), I do not find the Henry determination either “persuasive” or even instructive. In my view, it is inconsistent with the applicable law in terms of the statutory protection to be accorded to infants. Although Henry (supra) would be binding upon this court in a case dealing with municipal liability, which was the underlying factual scenario in Henry, I fail to perceive any reason, legally or rationally, to extend to other areas a determination which appears to be ill-conceived. In good conscience, and with all due respect, I am unable to do so, consistent with my judicial responsibilities. While we await with anticipation the Court of Appeals determination in Henry, for *162 present purposes, the decision ought to be limited to its facts. There is no reason to apply it to a case concerning the responsibility of a private hospital, especially pending consideration and final disposition by the Court of Appeals, before whom the Henry issue is presently pending.
In terms of a motion for leave to amend pursuant to CPLR 3025 (b), while the operative standard does require that such application be accorded liberal consideration, on such terms as may be just, the underlying merit of the cause of action or defense sought to be interposed must be demonstrated. (See, McKiernan v McKiernan, 207 AD2d 825; Figueroa v Flatbush Women’s Servs., 201 AD2d 613; Dos v Scelsa & Villacara, 200 AD2d 705; Sanford v Sanford, 176 AD2d 932; East Asiatic Co. v Corash, 34 AD2d 432.) In our case, as noted, I find no merit to the limitations defense sought to be added to the answer, which is barred by the infancy toll provided by CPLR 208.
Accordingly, the motion, pursuant to CPLR 3025 (b), for leave to serve an amended answer and for summary judgment thereon, dismissing the action as barred by the operative Statute of Limitations, is denied in all respects.