McCarthy v Shah (2018 NY Slip Op 04887)





McCarthy v Shah


2018 NY Slip Op 04887


Decided on June 29, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 29, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, DEJOSEPH, AND CURRAN, JJ.


748 CA 17-01191

[*1]JEAN MCCARTHY, PLAINTIFF-APPELLANT,
v
SIDDHARTHA S. SHAH, M.D., AND GASTROENTEROLOGY ASSOCIATES, LLP, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 






CAMPBELL & ASSOCIATES, EDEN (R. COLIN CAMPBELL OF COUNSEL), FOR PLAINTIFF-APPELLANT.
GIBSON, MCASKILL & CROSBY, LLP, BUFFALO (KARA M. EYRE OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Eugene F. Pigott, Jr., J.), entered April 25, 2017. The order granted defendants' motion to dismiss plaintiff's cause of action for battery. 
It is hereby ORDERED that the order so appealed from is unanimously reversed on the law without costs, the motion is denied and the cause of action for battery is reinstated.
Memorandum: These consolidated appeals arise from a medical malpractice action in which plaintiff seeks damages for, inter alia, rectal bleeding allegedly arising from a colonoscopy performed upon plaintiff by Siddhartha S. Shah, M.D. (defendant). In appeal No. 1, plaintiff appeals from an order that granted defendants' CPLR 3211 motion to dismiss her battery cause of action. In appeal No. 2, plaintiff appeals from an order that granted defendants' CPLR 3211 motion to dismiss her claim for punitive damages.
In appeal No. 1, we agree with plaintiff that Supreme Court erred in granting defendants' motion to dismiss her battery cause of action. On a motion to dismiss for failure to state a cause of action pursuant to CPLR 3211 (a) (7), "the sole criterion is whether the pleading states a cause of action, and if from its four corners factual allegations are discerned which taken together manifest any cause of action cognizable at law[,] a motion for dismissal will fail" (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). "[W]here evidentiary material is submitted and considered on a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact as claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Gawrych v Astoria Fed. Sav. & Loan, 148 AD3d 681, 683 [2d Dept 2017]). Above all, the issue "[w]hether a plaintiff can ultimately establish its allegations is not part of the calculus in determining a motion to dismiss" (EBC I, Inc. v Goldman, Sachs & Co., 5 NY3d 11, 19 [2005]).
"It is well settled that a medical professional may be deemed to have committed battery, rather than malpractice, if he or she carries out a procedure or treatment to which the patient has provided no consent at all' " (VanBrocklen v Erie County Med. Ctr., 96 AD3d 1394, 1394 [4th Dept 2012]; see Tirado v Koritz, 156 AD3d 1342, 1343 [4th Dept 2017]). Here, in moving under CPLR 3211 (a) (7), defendants attached all of the pleadings, which alleged, inter alia, that defendants "performed a procedure upon the Plaintiff while she was under general anesthesia without informing her or obtaining any consent, which conduct constituted a battery upon her." Defendants also referenced and provided to the court the informed consent form executed by plaintiff that explicitly authorized the performance of a flexible sigmoidoscopy, but not a [*2]colonoscopy. The form further noted in relevant part that, "[i]f any unforeseen condition arises during the procedure calling for, in the physician's judgment, additional procedures, treatments, or operations, [defendant is] authorize[d] . . . to do whatever he . . . deems advisable." We conclude that plaintiff has sufficiently asserted a cause of action sounding in battery by alleging that she provided no consent to the performance of a colonoscopy (see Tirado, 156 AD3d at 1343; Matter of Small Smiles Litig., 109 AD3d 1212, 1214 [4th Dept 2013]; cf. VanBrocklen, 96 AD3d at 1394-1395), and that the evidentiary submissions considered by the court, including the consent form, do not "establish conclusively that plaintiff has no cause of action" sounding in battery (Rovello v Orofino Realty Co., 40 NY2d 633, 636 [1976]; cf. Thaw v North Shore Univ. Hosp., 129 AD3d 937, 938-939 [2d Dept 2015]).
In view of the foregoing, we conclude in appeal No. 2 that the court erred in granting defendants' motion to dismiss plaintiff's claim for punitive damages (see generally McDougald v Garber, 73 NY2d 246, 254 [1989]; Smith v County of Erie, 295 AD2d 1010, 1011 [4th Dept 2002]; Graham v Columbia Presbyt. Med. Ctr., 185 AD2d 753, 756 [1st Dept 1992]; Mullany v Eiseman, 125 AD2d 457, 458-459 [2d Dept 1986]).
Entered: June 29, 2018
Mark W. Bennett
Clerk of the Court