Molina v Mount Sinai Morningside Hosp. (2025 NY Slip Op 06815)

Molina v Mount Sinai Morningside Hosp.

2025 NY Slip Op 06815

Decided on December 09, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 09, 2025

Before: Webber, J.P., Scarpulla, Rodriguez, Higgitt, Chan, JJ. 

Index No. 805314/21|Appeal No. 5324|Case No. 2024-05268|

[*1]David Molina as Proposed Administrator of the Estate of Pedro Molina, Deceased, and Individually, Plaintiff-Appellant,
v
Mount Sinai Morningside Hospital, et al., Defendants-Respondents, Mount Sinai Medical Center Foundation Inc., et al., Defendants.

Law Office of Niall MacGiollabhui, New York (Niall MacGiollabhui of counsel), for appellant.
Shaub, Ahmuty, Citrin & Spratt, LLP, Lake Success (Nicholas Tam of counsel), for respondents.

Order, Supreme Court, New York County (John J. Kelley, J.), entered July 9, 2024, which converted defendants Mount Sinai Morningside, Dr. Brian Africa, Dr. Manzar Rizvi, and Dr. Michael Hersher (collectively, the Mt. Sinai defendants) motion to dismiss the complaint pursuant to CPLR 3211 (a)(5) to a motion for summary judgment, and granted the motion on the grounds that the first, third, and fourth causes of action were time-barred and granted defendants' motion to dismiss the second cause of action under CPLR 3211(a)(7), unanimously modified, on the law, to deny defendants' motion, reinstate plaintiff's first cause of action for medical malpractice, third cause of action for wrongful death, and fourth cause of action for a "survival claim" on the part of decedent's kin and heirs, and otherwise affirmed, without costs.
Supreme Court erred by treating defendants' motion as one for summary judgment without employing the correct procedure as required under CPLR 3211(c). After determining that the Mt. Sinai defendants' CPLR 3211(a)(5) motion to dismiss on statute of limitations grounds was served after their answer and thus untimely, the court converted the motion to one for summary judgment. However, the court never provided notice of its intention to convert, and it is undisputed that neither side requested that the matter be considered as one for summary judgment (see Four Seasons Hotels v Vinnik, 127 AD2d 310, 320 [1st Dept 1987]).
Contrary to the Mt. Sinai defendants' contention, the parties did not chart a summary judgment course. Instead, in opposition, plaintiff focused on the issue of defendant's CPLR 3211 motion to dismiss, solely relying on CPLR 3211(a)(5) case law, and argued, among other things, that the motion should be denied given that discovery from defendants was outstanding (see Brathwaite v Frankel, 98 AD3d 444, 444-445 [1st Dept 2012]; cf. Shah v Shah, 215 AD2d 287, 289-290 [1st Dept 1995]). At no point did plaintiff suggest that the Mt. Sinai defendants' motion could or should be treated as a motion for summary judgment (cf. Dunn v B & H Assocs., 295 AD2d 396, 397 [2d Dept 2002]).
Further, the motion before the court was not one of pure law (see Four Seasons Hotels, 127 AD2d at 320). Rather, the issue of whether decedent's medical records support plaintiff's contention that this matter was timely under the continuous treatment doctrine or Lavern's Law involves questions of fact (see Jusino v New York City Hous. Auth., 255 AD2d 41, 47-48 [1st Dept 1999]; see generally CPLR 203[g][2]; CPLR 214-a). Such a conclusion is only buttressed by the parties' fact-based arguments advanced before both Supreme Court and this Court.
Plaintiff's second cause of action for emotional distress, however, was properly dismissed under CPLR 3211(a)(7) for failure to state a cause of action (see Landon v New York Hosp., 101 AD2d 489, 491 [1st Dept 1984], appeal dismissed 63 NY2d 754 [1984], affd 65 NY2d 639 [1985]). On appeal, plaintiff does not contest the dismissal. He argues however, that the cause of action is viable as to decedent. As an initial matter, this argument is unpreserved because it is made for the first time on appeal. In any event, a claim for emotional distress suffered by decedent is duplicative of the negligence and medical malpractice claims (see Wolkstein v Morgenstern, 275 AD2d 635, 637 [1st Dept 2000]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 9, 2025