(June 25, 1987)

■ FRANK OATES, Respondent, v NEW YORK HOSPITAL et al., Appellants, et al., Defendant.—Order of the Supreme Court, New York County (Louis Grossman, J.), entered on or about April 1, 1986, which denied defendants' motion for summary judgment dismissing the three causes of action in the complaint and which denied plaintiff's cross motion for summary judgment on the first cause of action, unanimously modified, on the law, to the extent of granting that part of defendants' motion which sought summary judgment dismissing the second and third causes of action for punitive damages and medical malpractice, respectively, and, except as modified, affirmed, without costs.

In the early morning of April 24, 1982, plaintiff, a 49-year-old white male, with alcohol on his breath (blood alcohol level was later tested to be .232; the legal level for intoxication according to the standards established by Vehicle and Traffic Law § 1195 is .100), was brought to the emergency room of the defendant hospital with multiple stab wounds. Upon his arrival, plaintiff requested treatment. However, after defendants informed plaintiff that they wished to perform a surgical procedure on him, plaintiff refused to consent. Believing that plaintiff was incompetent to consent and in a life-threatening situation, and since attempts to obtain consent from plaintiff's family members failed, "consent" was obtained by Dr. Glover from a hospital administrator. An exploratory laparotomy (a surgical cut through the abdomen) was performed. After it was determined that plaintiff had not suffered intraperitoneal injury, plaintiff was brought to the recovery room. Shortly thereafter, plaintiff was discharged from the hospital in a greatly improved condition.

As a result of the nonconsensual operation, plaintiff sued defendants for: (1) assault; (2) punitive damages; and (3) malpractice.

Defendants urge that the first cause of action for assault should be dismissed since the theory of "lack of informed consent", where a physician performs an operation on a patient without the patient's informed consent, is now generally considered a form of medical malpractice and not assault and battery. (See, Dries v Gregor, 72 AD2d 231 [4th Dept 1980]; Murriello v Crapotta, 51 AD2d 381 [2d Dept 1976].) While this is true, the doctrine of lack of informed consent is not applicable to the instant circumstances. In contrast to a situation where a patient consents to a medical procedure without being fully aware of the risks and consequences involved, the instant case concerns a physician who performed an operation on a patient although the patient emphatically refused to consent to such operation.

Though Schloendorff v Society of N. Y. Hosp. (211 NY 125, 129-130 [1914]) has been limited by New York courts with respect to allegations of lack of informed consent, Judge Cardozo's statement, that "[e]very human being of adult years and sound mind has a right to determine what shall be done with his own body; and a surgeon who performs an operation without his patient's consent, commits an assault, for which he is liable in damages * * * except in cases of emergency" is accepted as fundamental law. (See, Dale v State of New York, 44 AD2d 384, 386 [3d Dept 1974], affd 36 NY2d 833 [1975].)

Certainly, assault is a viable theory of recovery in circumstances where a medical procedure is performed, against a competent patient's expressed wishes, in a nonexigent situation.

Accordingly, as unresolved factual questions exist with regard to the first cause of action (e.g., whether an emergency situation existed; was plaintiff sufficiently impaired by alcohol to render him incompetent), summary judgment was properly denied. *(See, Rotuba Extruders v Ceppos,* 46 NY2d 223 [1978].)

Plaintiff's second cause of action, however, seeking punitive damages, should be dismissed. First, we note in passing that the cause of action is improperly pleaded as a separate cause of action. *(See, Royal Globe Ins. Co. v Chock Full O'Nuts Corp.,* 86 AD2d 315, 321 [1st Dept 1982], *lv dismissed* 58 NY2d 800 [1983].)* Second, and more importantly, aside from the improper form of pleading, the record fails to support any basis for an award of punitive damages or to create a triable issue of fact with respect thereto. Consequently, defendants' motion for summary judgment seeking dismissal of the second cause of action is granted.

Defendants' motion for summary judgment seeking dismissal of plaintiff's third cause of action for medical malpractice is supported by an affidavit of Dr. Barker, a licensed New York State physician. Dr. Barker's opinion establishes that defendants did not deviate from good and accepted medical practice. Plaintiff has failed to rebut this evidence as he has only submitted affidavits of his son and himself, which are of no probative value in defeating this summary judgment motion. *(See, Alvarez v Prospect Hosp.,* 68 NY2d 320, 324-325 [1986]; *and see, Pan v Coburn,* 95 AD2d 670 [1983].)* Accordingly, defendants' motion to dismiss plaintiff's third cause of action for medical malpractice is granted. Concur—Murphy, P. J., Sandler, Carro, Asch and Wallach, JJ.