■ INGE L. SMITH, Individually and as Administratrix of the Estate of JOHN SMITH, Deceased, Respondent-Appellant, v ST. JOSEPH'S HOSPITAL, INC., Also Known as and Doing Business as ST. JOSEPH'S MEDICAL CENTER, et al., Appellants-Respondents, et al., Defendant. [619 NYS2d 709] —Order, Supreme Court, Bronx County (Anita Florio, J.), entered April 16, 1993, which inter alia, granted plaintiff's motion for partial summary judgment against defendants St. Joseph's, Joel Lee Axler and Conrado Lota, on the issue of liability upon the causes of action sounding in negligence, medical malpractice and failure to notify plaintiff of the hospitalization of her husband, denied plaintiff's motion for summary judgment upon the causes of action for assault and battery and for civil rights violations, and upon searching the record, granted defendants summary judgment on those causes of action and dismissed them, modified, on the law and the facts, to the extent of denying summary judgment to defendants on the causes of action for assault and battery, unlawful imprisonment and for civil rights violations and reinstating those causes, and otherwise affirmed, without costs.

In light of the fact that it is conceded that the hospital, via a computer search, failed to properly identify the decedent as the correct "John Smith" and instead, due to the misidentification, pursued a course of action based on the hospital and psychiatric history of another patient with the same name who had previously been a patient at the hospital, and thereby involuntarily committed decedent to the psychiatric ward, prescribed medications to the decedent based on the computer printout concerning the prior patient's paranoid-

schizophrenia and suicidal tendencies and his prior medication therapy, and consequently failed to notify the decedent's wife of the decedent's hospitalization and subsequent death, partial summary judgment was warranted on the issue of liability on the causes of action for negligence, medical malpractice and failure to notify. This situation is all the more egregious in light of the fact that the record includes, as an exhibit, a Psychiatric Nursing Admission Assessment, which indicates that on the day of his admission to the hospital, decedent provided the psychiatric admitting nurse with proper information, which included, *inter alia,* his correct address, his current medical status and the name of his wife. Notably, the failure to notify a wife of her husband's hospitalization and subsequent death constitutes a viable cause of action *(Johnson v State of New York,* 37 NY2d 378, 382; *see, e.g., Lando v State of New York,* 39 NY2d 803). We also agree with the IAS Court that summary judgment was inappropriate with regard to these causes of action concerning defendants Goldman and Larson since there remain questions of fact as to whether these doctors acted properly in relying upon the prior physician's actions and thus not checking or verifying the identification of the patient.

However, in light of the fact that it is unclear whether decedent was properly committed involuntarily to the psychiatric ward, *i.e,* whether exigent circumstances existed, such as evidence which reasonably demonstrates that the patient was or would be harmful to himself or others (Mental Hygiene Law § 9.39 [a]), and whether the patient was involuntarily administered medication, summary judgment on the causes of action for battery, unlawful imprisonment and civil rights violations is inappropriate *(see, Oates v New York Hosp.,* 131 AD2d 368; *O'Connor v Donaldson,* 422 US 563). Concur—Murphy, P. J., Sullivan, Asch and Tom, JJ.

Kupferman, J., dissents and would affirm for the reasons stated by Florio, J.