OPINION OF THE COURT
Stanley L. Sklar, J.
The principal issue raised is whether the performance of a consented-to nonemergency surgical procedure by a physician, other than the one to whom consent was given, constitutes a battery.
Plaintiffs move to dismiss Dr. Morgenstern’s defense of lack of service. Dr. Morgenstern cross-moves to dismiss the action as against him for lack of proper service. He also cross-moves with Dr. Krumholz and Lenox Hill Hospital, pursuant to CPLR 3211 (a) (7) and 3212, to dismiss plaintiffs’ first and second causes of action sounding in assault and battery.
With respect to the application which seeks to dismiss the plaintiffs’ causes of action for assault and battery, defendants assert that in this case where plaintiff consented to the elective nonemergency procedure performed but where plaintiff claims that he did not consent to its performance by defendant Dr. Morgenstern — apparently a fellow at defendant Lenox Hill Hospital — but only consented to its performance by defendant Dr. Krumholz, plaintiff’s private physician, a claim for assault and battery will not lie and that plaintiff must pursue this claim solely through the lack of informed consent cause of action pleaded in the complaint.
Defendants maintain that the causes of action for assault and battery must be dismissed because medical treatment rendered beyond the scope of a plaintiff’s consent does not constitute assault and battery but merely a lack of informed consent. Defendants assert that the intent to do harm or carry out offensive bodily contact is a necessary element of a claim for assault or battery and that, since no one intended to harm the plaintiff, he has failed to state a valid claim.
Plaintiffs’ counsel asserts that an intent to do harm is unnecessary to state a valid claim for assault or battery. Plaintiffs’ counsel notes that a cause of action for lack of informed consent is based on a failure of the person providing the treatment to disclose what he intends to do, the alternatives to, and the risks and benefits of the procedure, not on a failure to advise who will perform the procedure. Here, plaintiffs’ counsel concedes that plaintiff gave defendant Dr. Krumholz, a board-certified gastroenterologist, permission to per *315 form a colonoscopy. However, plaintiffs’ counsel claims that that procedure was performed by defendant Dr. Morgenstern, who was not given permission to perform the procedure. Plaintiffs’ counsel claims that while plaintiff was unconscious Dr. Morgenstern maneuvered a tube up plaintiff’s intestines and perforated his bowels.
In response, defense counsel raised a new ground for dismissal of the assault and battery claims and points to the fact that plaintiff had in fact signed a consent form authorizing Dr. Krumholz "and whomever he may designate as his associate or assistants” to provide the surgical services including a colonoscopy or polypectomy. Defense counsel also claimed in his reply that it is well known that Lenox Hill is a teaching hospital and that as such residents and fellows routinely assist the attending physician. Defense counsel claims that by seeking treatment at Lenox Hill Hospital plaintiff consented to having residents and fellows assist in the procedure.
Plaintiffs’ counsel then submitted a surreply asserting that the consent form merely raised an issue of fact. This assertion is to some extent supported by the complaint personally verified by the plaintiff in which he alleges that he was not advised that Dr. Morgenstern would perform all or part of the procedure and that he would not have undergone the procedure if told that it was to be used as a teaching exercise for Dr. Morgenstern. Plaintiffs’ counsel also notes that defense counsel has no firsthand knowledge as to the hospital’s custom and practice regarding surgical procedures.
Plaintiff’s claim for assault is dismissed. "An assault is the intentional placing of another in apprehension of imminent harmful or offensive contact.” (2 NY PJI 17 [1995 Supp]; PJI 3:2.) Here, where it is claimed that the plaintiff was unconscious, he could not have been in apprehension of imminent harmful or offensive contact.
As to the battery claim, it is true "that medical treatment beyond the scope of patient’s consent should not be considered” as a battery (Dries v Gregor, 72 AD2d 231, 235 [4th Dept 1980]). Thus for example, where a physician tells a patient prior to surgery that the physician is only going to perform a biopsy and then proceeds to perform somewhat more extensive surgery, a claim for lack of informed consent is stated. (See, Dries v Gregor, supra.) That scenario is not applicable here since there is no claim that there was medical treatment beyond that consented to. In addition, when a physician tells a *316 patient that he is going to perform a specified surgery but neglects to tell the patient the risks of the surgery to be performed by that physician, again a claim for lack of informed consent, rather than for battery, is stated. (Oates v New York Hosp., 131 AD2d 368, 369 [1st Dept 1987]; Murriello v Crapotta, 51 AD2d 381 [2d Dept 1976]; Rigie v Goldman, 148 AD2d 23, 28-29 [2d Dept 1989]; Spinosa v Weinstein, 168 AD2d 32, 41 [2d Dept 1991].)
For purposes of this motion plaintiff is not claiming that the risks of the colonoscopy were never explained to him. Moreover, the essence of plaintiff’s grievance, namely that he never consented to the performance of the procedure by Dr. Morgenstern and was offended by it, does not require expert medical testimony as would normally be true with an informed consent claim, since lack of an informed consent is a form of malpractice. Thus the cases holding that the failure to inform the patient of the risks of a consented-to surgery amounts to a lack of informed consent are inapposite.
It is well settled that the intent to do harm is not a necessary element of a battery. (See, Oates v New York Hosp., supra, at 370; Masters v Becker, 22 AD2d 118, 119-120 [2d Dept 1964]; Villanueva v Comparetto, 180 AD2d 627 [2d Dept 1992]; Maines v Cronomer Val. Fire Dept., 50 NY2d 535, 545546 [1980]; PJI 3:3 [1995 Supp].) A claim for battery is stated if one alleges bodily contact which is offensive and is made with intent. (PJI 3:3; 2 NY PJI 18 [1995 Supp].) The necessary intent is the intent to make contact, not to do injury. (2 NY PJI, op. cik, at 19; Villanueva v Comparetto, supra, at 629.) What is welcome and inoffensive contact by one person can easily amount to offensive contact by another.
Although there is one case (see, Henry v Bronx Lebanon Med. Ctr., 53 AD2d 476 [1st Dept 1976]) relied upon by defendants in their reply papers which supports the proposition that even if Dr. Morgenstern did perform the procedure, such act cannot give rise to a lack of informed consent claim much less to a battery claim, that case involved the presentation of competent evidence establishing a practice at Lenox Hill Hospital by attending physicians to allow residents to do a particular procedure. On this record the defendants, who have the burden of establishing their entitlement to summary judgment (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]) have failed to submit any competent evidence that there was such a practice with respect to the procedure performed here. I further note that this ground was only raised in the defen *317 dants’ reply papers, which is improper. (See, Dannasch v Bifulco, 184 AD2d 415 [1st Dept 1992].) Similarly, the defendants’ claim that the battery claim should be dismissed because the plaintiff actually consented to Dr. Morgenstern’s performance of the procedure by signing the aforementioned consent form was also raised for the first time in defendants’ reply. In any event, in light of the allegations contained in the verified complaint, the consent form only raises a factual issue as to whether there was consensual contact by Dr. Morgenstern.
While there is no duty for a mere assistant to obtain a patient’s informed consent (see, Spinosa v Weinstein, supra, at 38-41) in the instant case defendants, who have moved for summary judgment and thus have the burden of establishing their entitlement to the relief sought, have set forth no facts establishing that Dr. Morgenstern was a mere assistant supervised by Dr. Krumholz. Defendants’ motion appears to be premised on Dr. Morgenstern’s having performed the operation. Defendants do not even state whether Dr. Krumholz was in the operating room at the time in issue. The complaint in this action suggests that even plaintiffs are not sure to what extent Dr. Morgenstern performed the procedure or to what, if any, extent Dr. Krumholz supervised Dr. Morgenstern during the procedure, and may therefore need discovery on these issues.
Accordingly, the branch of defendants’ motion which seeks to dismiss the plaintiff’s battery claim is denied without prejudice to renewal after the completion of discovery in this action.
With respect to the motion and branch of the cross motion pertaining to service on Dr. Morgenstern, plaintiffs’ process server alleges that process was personally delivered to Dr. Morgenstern on August 1, 1994. Dr. Morgenstern denies that process was personally delivered to him on that day and asserts through his affidavit and that of his office manager that the process server delivered the summons and complaint to his office manager on August 1, 1994 when he (Dr. Morgenstern) was absent from the office, and that the office manager later that day gave the summons and complaint to him. In light of these conflicting affidavits counsel agreed on oral argument that a traverse was necessary on the issue of whether Dr. Morgenstern was served on August 1, 1994 pursuant to CPLR 308 (1).
*318 Accordingly, that issue is referred to the legal support office for assignment to a Special Referee to hear and report with recommendations. Pending receipt of the report and a motion pursuant to CPLR 4403, final determination of the motion and the branch of the cross motion pertaining to service are held in abeyance. Counsel are directed to file a copy of this interim order with notice of entry with the legal support office, room 311 for the purpose of obtaining a calendar date.