■ ALBERT A. CERILLI, JR., et al., Appellants, v JEFFREY S. KEZIS et al., Respondents. [761 NYS2d 311] —In an action to recover damages for medical malpractice, etc., the plaintiffs appeal, as limited by their brief, from so much of an order of the Supreme Court, Dutchess County (Dillon, J.), dated September 25, 2002, as granted the defendants' renewed motion for summary judgment dismissing the complaint as time-barred.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion is denied, and the complaint is reinstated.

The complaint asserts that the plaintiff Albert A. Cerilli, Jr., was subjected to a medical procedure "without his consent." The plaintiffs contend that the defendant doctor "was saying he wanted to do a biopsy" and the injured plaintiff replied "I don't want it." The defendant doctor proceeded to perform the biopsy.

Since the procedure in issue allegedly was performed over the injured plaintiff's express objections, the gravamen of the cause of action sounds in battery (*see Spinosa v Weinstein,* 168 AD2d 32, 41 [1991]). A cause of action sounding in battery is governed by a one-year statute of limitations (*see* CPLR 215 [3]). Although the defendants asserted the applicable statute of limitations defense in their answer, during the course of discovery, they withdrew that defense. Accordingly, the defendants waived the defense of the statute of limitations (*see Dougherty v City of Rye,* 63 NY2d 989 [1984]; *Lefkowitz v Kaye, Scholer, Fierman, Hays & Handler,* 271 AD2d 576, 577 [2000]) and the Supreme Court erred in granting their renewed motion for summary judgment dismissing the complaint. Ritter, J.P., S. Miller, Goldstein and H. Miller, JJ., concur.