■ KAREN CROSS et al., Appellants, v STEPHEN COLEN, Defendant, and JEFFREY H. WISOFF, Respondent. [775 NYS2d 307]—

Order, Supreme Court, New York County (Sheila Abdus-Salaam, J.), entered February 27, 2003, which, insofar as appealed from as limited by the briefs, granted defendant-respondent doctor's motion to amend his answer to assert the affirmative defense of the statute of limitations and for summary judgment dismissing so much of the complaint as against him as sounds in battery, unanimously affirmed, without costs.

The complaint contains a cause of action for medical malpractice and a second cause of action for loss of consortium. However, based upon the injured plaintiff's bill of particulars and deposition testimony, defendant-respondent discerned an unpleaded cause of action for battery, and moved to dismiss it as barred by the one-year statute of limitations. In opposition, plaintiff argued that the unpleaded cause of action was one for lack of informed consent governed by the 2$^1$/$_2$-year statute of limitations applicable to medical malpractice. As found by the motion court, plaintiff's affidavit in opposition and deposition testimony are to the effect that defendant advised plaintiff that her condition could be treated by either of two surgical procedures and recommended the first over the second; plaintiff told defendant that she preferred the second over the first, and defendant performed the first contrary to plaintiff's instructions. Based upon these allegations, the motion court correctly deemed the unpleaded cause of action as sounding in battery, and correctly dismissed it as time-barred (*see Messina v Matarasso,* 284 AD2d 32 [2001]). Plaintiff does not allege that defendant failed to discuss the procedure with her or that he failed to inform her that it had adverse effects. Rather, the plain tenor of her unpleaded claim is that she simply did not consent to the procedure, and indeed expressly rejected it. We reject plaintiff's argument that situations where there is no consent to treatment whatsoever (*e.g. id.*) are distinguishable from situations where, as here, there is consent to treatment but the treatment goes beyond the scope of the consent, and that the former is a battery and the latter is a failure to obtain informed consent. In both situations, the essence of the claim is lack of consent, not lack of informed consent. The absence of consent is inconsistent with consent that is not sufficiently informed, and precludes a claim of lack of informed consent (*cf. id.* at 35). Concur—Andrias, J.P., Williams, Friedman, Marlow and Gonzalez, JJ.