■ ALBERT A. CERILLI, JR., et al., Appellants, v JEFFREY S. KEZIS et al., Respondents. [790 NYS2d 714]—

In an action, inter alia, to recover damages for battery, etc., the plaintiffs appeal, as limited by their brief, from so much of (1) an order of the Supreme Court, Dutchess County (Brands, J.), dated March 26, 2004, as granted the defendants' second renewed motion for summary judgment dismissing the complaint, and (2) an order of the same court dated August 31, 2004, as, upon reargument, adhered to the original determination.

Ordered that the appeal from the order dated March 26, 2004, is dismissed, as that order was superseded by the order dated August 31, 2004, made upon reargument; and it is further,

Ordered that the order dated August 31, 2004, is reversed insofar as appealed from, on the law, and, upon reargument, so much of the order dated March 26, 2004, as granted the defendants' second renewed motion for summary judgment dismissing the complaint is vacated, the motion is denied, the complaint is reinstated, the action is restored to the top of the trial calendar, and the matter is remitted to the Supreme Court, Dutchess County, for trial; and it is further,

Ordered that one bill of costs is awarded to the appellants.

On this, their second renewed motion for summary judgment (see Cerilli v Kezis, 306 AD2d 430 [2003]), the defendants failed to establish their entitlement to judgment as a matter of law. The plaintiffs' allegations that the defendant doctor performed a biopsy over the express objections of the injured plaintiff (hereinafter the plaintiff) state a cause of action sounding in battery (see Cross v Colen, 6 AD3d 306, 307 [2004]; Messina v Matarasso, 284 AD2d 32, 34 [2001]; Murriello v Crapotta, 51 AD2d 381, 382 [1976]).

The elements of battery are bodily contact, made with intent, and offensive in nature (see *Siegell v Herricks Union Free School Dist.,* 7 AD3d 607, 609 [2004]; *Tillman v Nordon,* 4 AD3d 467, 468 [2004]). The intent required for battery is "intent to cause a bodily contact that a reasonable person would find offensive" (*Jeffreys v Griffin,* 1 NY3d 34, 41 n 2 [2003] [internal quotation marks omitted]; see e.g. *Roe v Barad,* 230 AD2d 839, 840 [1996]). The defendants acknowledge that "[t]here is no requirement that the contact be intended to cause harm" (*Meyers v Epstein,* 232 F Supp 2d 192, 198 [2002]; see *Masters v Becker,* 22 AD2d 118, 120 [1964]). Further, there is no merit to the defendants' contention that the plaintiff's consent to cauterization at the site of the alleged injury constituted implied consent to the biopsy over his express objections (see *Cross v Colen, supra*).

We note that the question of informed consent is not before us and was not before this Court on the prior appeal in this case (see *Cerilli v Kezis, supra*). We express no opinion as to whether the plaintiff gave informed consent to any procedure. Florio, J.P., Adams, S. Miller and Santucci, JJ., concur.