▇ Donna Ponholzer et al., Respondents, v Edward D. Simmons, M.D., et al., Appellants. [910 NYS2d 609]—

Appeal from an order of the Supreme Court, Erie County (Joseph D. Mintz, J.), entered July 14, 2009 in a medical malpractice action. The order, insofar as appealed from, denied the motion of defendants for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the second cause of action and as modified the order is affirmed without costs.

Memorandum: Plaintiffs commenced this medical malpractice action seeking damages for injuries sustained by Donna Ponholzer (plaintiff) when defendant Edward D. Simmons, M.D. allegedly exceeded the scope of her consent to cervical fusion surgery by taking the bone graft necessary for that surgery from her hip rather than using donor bone from a cadaver. We conclude that Supreme Court properly denied that part of defendants' motion for summary judgment dismissing the medical

malpractice cause of action. Defendants contend that the only cognizable claim alleged by plaintiffs is one for battery, which is time-barred inasmuch as the applicable statute of limitations is one year (*see* CPLR 215 [3]). We reject that contention. It is well settled that, "[w]hile lack of informed consent is a proper element of a medical malpractice cause of action . . . , the failure to obtain such consent should not be used to elevate the cause of action to one for intentional tort" (*Twitchell v MacKay*, 78 AD2d 125, 129 [1980]). "The [physician] in a malpractice case is ordinarily not an actor who intends to inflict an injury on his [or her] patient and any legal theory [that] presumes that intent appears to be based upon an erroneous supposition. Instead, the [physician] is not one who acts antisocially as one who commits assault and battery, but is an actor who in good faith intends to confer a benefit on the patient" (*Dries v Gregor*, 72 AD2d 231, 235 [1980]; *see Twitchell*, 78 AD2d at 129-130). Defendants mistakenly rely on cases from the First and Second Departments in which the plaintiff patient alleged that the defendant physician knew that he or she was exceeding the scope of the plaintiff's consent by performing a medical procedure that the plaintiff had not authorized (*see Wiesenthal v Weinberg*, 17 AD3d 270 [2005]; *Cerilli v Kezis*, 16 AD3d 363 [2005]; *Cross v Colen*, 6 AD3d 306 [2004]; *Messina v Alan Matarasso, M.D., F.A.C.S., P.C.*, 284 AD2d 32, 34-35 [2001]). Here, plaintiffs allege in the complaint, as amplified by the bill of particulars, that Simmons negligently exceeded the scope of plaintiff's consent when the bone graft was harvested from plaintiff's hip.

We further conclude, however, that the court erred in denying that part of defendants' motion for summary judgment dismissing the cause of action for lack of informed consent pursuant to Public Health Law § 2805-d. The record establishes that plaintiff was adequately informed of the risks and benefits of the various surgical options and that defendants did not fail to convey certain information to plaintiff concerning the surgery (*see generally Spano v Bertocci*, 299 AD2d 335, 337-338 [2002]). We therefore modify the order accordingly. Present—Scudder, P.J., Centra, Peradotto, Sconiers and Pine, JJ.