[940 NE2d 555, 914 NYS2d 729]

JOAN ORPHAN, Appellant, v SAMUEL PILNIK, M.D., et al., Respondents, et al., Defendants.

Argued October 20, 2010; decided November 23, 2010

## APPEARANCES OF COUNSEL

*Law Office of Stephen H. Weiner*, New York City (*Stephen H. Weiner* of counsel), for appellant.

*Martin Clearwater & Bell LLP*, New York City (*Ellen B. Fishman, John L.A. Lyddane* and *Michael E. Gallay* of counsel), for respondents.

## OPINION OF THE COURT

MEMORANDUM.

The order of the Appellate Division should be affirmed, with costs.

To succeed in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment (*see* Public Health Law § 2805-d [1], [3]). Expert medical testimony is required to prove the insufficiency of the information disclosed to the plaintiff (CPLR 4401-a).

On this appeal, the sole remaining cause of action alleges that plaintiff did not give informed consent to a procedure to remove a suspicious mass from her breast, because she was not made aware that the procedure would leave a 6.5 centimeter scar. The remaining defendant—the doctor who performed the procedure—moved for summary judgment dismissing the complaint. Because plaintiff does not dispute that defendant established his prima facie entitlement to judgment as a matter of law, the only issue remaining is whether plaintiff, in opposition to the motion, demonstrated the existence of triable issues of fact (*see Ferluckaj v Goldman Sachs & Co.*, 12 NY3d 316, 320 [2009]).

In opposition to the motion for summary judgment, plaintiff submitted her own affidavit and the affirmation of her medical

expert. The expert's affirmation was tentative and vague, and would not state with certainty that the information plaintiff allegedly received prior to the procedure was a departure from what a reasonable practitioner would have disclosed. Moreover, the evidence proffered by plaintiff did not establish that a fully informed reasonable person would have declined the procedure. Indeed, plaintiff herself alleged only that, if fully informed, she would have sought a second opinion. Accordingly, plaintiff's opposition to defendant's motion for summary judgment failed to demonstrate the existence of a triable issue of fact.

Chief Judge LIPPMAN and Judges CIPARICK, GRAFFEO, READ, SMITH, PIGOTT and JONES concur.

Order affirmed, with costs, in a memorandum.