# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**571**
**CA 11-02199**
PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND MARTOCHE, JJ.

---

RUSSEL VANBROCKLEN, PLAINTIFF-RESPONDENT,

V                                                          MEMORANDUM AND ORDER

ERIE COUNTY MEDICAL CENTER, DEFENDANT-APPELLANT.

---

RICOTTA & VISCO, ATTORNEYS & COUNSELORS AT LAW, BUFFALO (BRETT P. GLIOSCA OF COUNSEL), FOR DEFENDANT-APPELLANT.

---

Appeal from an order of the Supreme Court, Erie County (John M. Curran, J.), entered February 4, 2011. The order, insofar as appealed from, denied in part the cross motion of defendant for summary judgment.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiff was brought by ambulance to defendant, Erie County Medical Center, after suffering a severe panic attack at a movie theater. During the ensuing few hours of treatment administered to plaintiff in defendant's psychiatric unit, a doctor ordered injections of Haldol and Ativan, which were administered to plaintiff without his consent. In commencing this action, plaintiff asserted claims sounding in, inter alia, intentional infliction of emotional distress, medical malpractice, battery, and the violation of his constitutional rights. Supreme Court granted defendant's cross motion for summary judgment dismissing the complaint with the exception of the battery and constitutional claims. We reject defendant's contention that the court should have granted its cross motion in its entirety.

Contrary to defendant's contention, the claims asserting the complete absence of consent, as opposed to those asserting that defendant exceeded the scope of plaintiff's consent, properly may be treated as claims for battery rather than for medical malpractice. It is well settled that a medical professional may be deemed to have committed battery, rather than malpractice, if he or she carries out a procedure or treatment to which the patient has provided "no consent at all" (*Messina v Alan Matarasso, M.D., F.A.C.S., P.C.*, 284 AD2d 32, 35; *see Wiesenthal v Weinberg*, 17 AD3d 270, 270-271; *Cross v Colen*, 6 AD3d 306, 307). With respect to plaintiff's battery claims, we conclude that defendant failed to meet its initial burden of establishing that it "did not intentionally engage in offensive bodily contact without plaintiff's consent" (*Guntlow v Barbera*, 76 AD3d 760,

766, *appeal dismissed* 15 NY3d 906; *see generally* CPLR 3212 [b]).  The medical records and affidavits submitted by defendant do not dispute that its agents intentionally contacted plaintiff's person when administering the injections, nor do they dispute that those injections were administered without his consent.  Likewise, defendant failed to establish that the injections were non-offensive in nature, i.e., that they were not " 'wrongful under all the circumstances' " (*Messina*, 284 AD2d at 35).  Thus, the court properly denied those parts of defendant's cross motion with respect to the claims for battery.

As to plaintiff's constitutional claims, we note that defendant, as a public hospital, is a state actor (*see Vanbrocklen v Gupta*, 2010 WL 5575325, at *2-3 [WD NY]; *cf. Nedd v Queens Hosp. Ctr.*, 2008 WL 2497428, *2 [ED NY]), and that due process protects the "fundamental right [of psychiatric patients] to refuse antipsychotic medication" (*Rivers v Katz*, 67 NY2d 485, 492, *rearg denied* 68 NY2d 808; *see Kulak v City of New York*, 88 F3d 63, 74).  Under the circumstances of this case, in which the medication was administered before there was a "judicial determination of whether [plaintiff had] the capacity to make a reasoned decision with respect to proposed treatment" (*Rivers*, 67 NY2d at 497), defendant could lawfully administer the medication without consent only if plaintiff was "presently dangerous and the proposed treatment [was] the most appropriate reasonably available means of reducing that dangerousness" (14 NYCRR 527.8 [c] [1]).  A patient is considered "dangerous" in this context if he or she "engages in conduct or is imminently likely to engage in conduct posing a risk of physical harm to himself[, herself] or others" (14 NYCRR 527.8 [a] [4]; *see Rivers*, 67 NY2d at 495-496).

Defendant failed to establish its entitlement to judgment as a matter of law on plaintiff's constitutional claims inasmuch as it failed to demonstrate that, at the time plaintiff received the injections, he was "engag[ing] in conduct or [was] imminently likely to engage in conduct posing a risk of physical harm to himself or others" (14 NYCRR 527.8 [a] [4]; *see Kulak*, 88 F3d at 73-75; *see generally* CPLR 3212 [b]).  The medical records do not indicate that plaintiff was unruly, uncooperative, or belligerent, and they in fact suggest that plaintiff's behavior was unremarkable.  Additionally, the affidavit of the physician who ordered the injections is ambiguous regarding his rationale for doing so.  Specifically, many of the physician's statements suggest that he ordered the injections to *treat* plaintiff's psychiatric condition, not because he believed that plaintiff posed a risk of harm to himself or others.  Because defendant failed to establish as a matter of law that it had a lawful basis for medicating plaintiff without his consent, it failed to establish its entitlement to summary judgment dismissing plaintiff's constitutional claims (*see generally* 14 NYCRR 527.8 [c] [1]; *Rivers*, 67 NY2d at 492-497; *Kulak*, 88 F3d at 73-75).

Entered:  June 8, 2012                      Frances E. Cafarell
                                            Clerk of the Court