■ SANDRA THAW, Appellant, v NORTH SHORE UNIVERSITY HOSPITAL et al., Respondents, et al., Defendant. [12 NYS3d 152]—

In an action, inter alia, to recover damages for medical malpractice, assault and battery, and lack of informed consent, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (O'Donoghue, J.), entered August 10, 2012, as granted those branches of the motion of the defendants North Shore University Hospital, North Shore Women's Health, and Teresa Lazar which were pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging assault and battery and for summary judgment dismissing the cause of action alleging lack of informed consent.

Ordered that the order is modified, on the law, by deleting the provision thereof granting that branch of the motion of the defendants North Shore University Hospital, North Shore Women's Health, and Teresa Lazar which was for summary judgment dismissing the cause of action alleging lack of informed consent, and substituting therefor a provision denying that branch of the motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The plaintiff, who was a patient of the defendant Teresa Lazar, a physician employed by the defendants North Shore University Hospital and North Shore Women's Health (hereinafter collectively the defendants), alleges that on April 27, 2007, Lazar performed an unauthorized hysterectomy upon her, constituting assault and battery. The plaintiff also asserts causes of action based on, inter alia, lack of informed consent and medical malpractice.

In 2007, after an MRI examination indicated "a pelvic mass," and "concern for malignancy," the plaintiff consented to the performance of a laparoscopic procedure, rather than a hysterectomy. However, according to Lazar, the plaintiff "agreed to the possibility of a hysterectomy." Before the operation, the plaintiff signed a consent form, which stated that she was consenting to "[o]perative laparoscopy . . . Possible exploratory laparotomy. Total abdominal hysterectomy. PAP smear. Possible staging . . . Removal of diseased tissue." According to Lazar, the decision to perform the hysterectomy was made during the operation, because the pelvic mass was very large, was atypical in appearance, and "appear[ed] diseased." The plaintiff testified at her deposition that she signed the consent form, but claimed she had no opportunity to read it, was bullied into doing so, and was under the influence of anesthesia when she signed it.

In the order appealed from, the Supreme Court granted those branches of the defendants' motion which were to dismiss the assault and battery cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, and for summary judgment dismissing the cause of action alleging lack of informed consent.

"When a party moves to dismiss a complaint pursuant to CPLR 3211 (a) (7), the standard is whether the pleading states a cause of action, not whether the proponent of the pleading has a cause of action. In considering such a motion, the court must accept the facts as alleged in the complaint as true, accord plaintiffs the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory . . . If the court considers evidentiary material, the criterion then becomes whether the proponent of the pleading has a cause of action, not whether he has stated one . . . [The motion] must be denied unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it" (*Bokhour v GTI Retail Holdings, Inc.*, 94 AD3d 682, 682-683 [2012] [citations and internal quotation marks omitted]).

"To plead a cause of action to recover damages for assault, a plaintiff must allege intentional 'physical conduct placing the plaintiff in imminent apprehension of harmful contact' " (*Gould v Rempel*, 99 AD3d 759, 760 [2012], quoting *Bastein v Sotto*, 299 AD2d 432, 433 [2002]; *see Cotter v Summit Sec. Servs., Inc.*, 14 AD3d 475, 475-476 [2005]). "To recover damages for battery, a plaintiff must prove that there was bodily contact,

made with intent, and offensive in nature" (*Cotter v Summit Sec. Servs., Inc.*, 14 AD3d at 475-476). Here, the evidence in the record upon which the Supreme Court relied established that "a material fact as claimed by the plaintiff" was "not a fact at all" (*Agai v Liberty Mut. Agency Corp.*, 118 AD3d 830, 832 [2014]). Notwithstanding the plaintiff's allegations and testimony that she *never* gave permission for the performance of a hysterectomy, the signed consent form clearly authorized such a procedure, and she admitted that she signed the consent form. Therefore, dismissal of the assault and battery cause of action was proper (*see Ponholzer v Simmons*, 78 AD3d 1495 [2010]; *Salandy v Bryk*, 55 AD3d 147, 152 [2008]; *cf. Cerilli v Kezis*, 306 AD2d 430 [2003]).

"To succeed in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff's position, fully informed, would have elected not to undergo the procedure or treatment (*see* Public Health Law § 2805-d [1], [3])" (*Orphan v Pilnik*, 15 NY3d 907, 908 [2010]). Here the plaintiff's deposition testimony indicates that she was not fully advised of the risks, benefits, and alternatives to the procedure or treatment, including the fact that one of the risks was a total hysterectomy and/or perforation of the bowel, nor was it established as a matter of law that if the plaintiff received full disclosure, she still would have consented to the procedure. Since the defendants' submissions included the plaintiff's deposition testimony, they failed to establish, prima facie, that there were no triable issues of fact with respect to the cause of action alleging lack of informed consent (*see Orphan v Pilnik*, 15 NY3d at 908-909; *Rivera v Albany Med. Ctr. Hosp.*, 119 AD3d 1135, 1138 [2014]). Accordingly, the Supreme Court should have denied that branch of the defendants' motion which was for summary judgment dismissing the cause of action alleging lack of informed consent. Roman, Miller and Hinds-Radix, JJ., concur.

Skelos, J.P., concurs in part and dissents in part, and votes to reverse the order, on the law, and deny those branches of the defendants' motion which were pursuant to CPLR 3211 (a) (7) to dismiss the cause of action alleging, in effect, battery and for summary judgment dismissing the cause of action alleging lack of informed consent with the following memorandum, in which LaSalle, J., concurs: The plaintiff alleged in her pleadings that, during a surgical procedure to which she had consented, the

defendant Theresa Lazar, a physician employed by the defendant North Shore University Hospital, also performed a total abdominal hysterectomy on her "without her consent and against her specific instructions." Based upon this allegation, the plaintiff asserted a cause of action to recover damages for, in effect, battery. The plaintiff also asserted a cause of action alleging lack of informed consent.

The defendants Lazar, North Shore University Hospital, and North Shore Women's Health (hereinafter collectively the defendants) moved for summary judgment dismissing the lack of informed consent cause of action, and also moved, pursuant to CPLR 3211 (a) (7), to dismiss the battery claim for failure to state a cause of action. In support of the latter branch of their motion, the defendants, while acknowledging that, on multiple occasions during the course of treatment, the plaintiff had expressed that she did not wish to undergo a total abdominal hysterectomy, relied upon a consent form signed by the plaintiff, which acknowledged the possibility that she might undergo a total abdominal hysterectomy. According to the plaintiff, the form was presented to her urgently, immediately before surgery, while she was in the operating room and without her glasses, she was told to sign it, and she did so without reading it. The Supreme Court granted the defendants' motion.

The majority correctly concludes that the defendants were not entitled to summary judgment dismissing the lack of informed consent cause of action. However, they affirm the granting of the branch of the defendants' motion which was to dismiss the battery claim for failure to state a cause of action, concluding that the defendants demonstrated, solely by virtue of the plaintiff's signature on the consent form, that the plaintiff's factual allegation that the defendants performed a total abdominal hysterectomy without her consent is "not a fact at all" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]). In light of the surrounding circumstances, including those under which the plaintiff claims the consent form was signed, I cannot agree with that conclusion. Therefore, I concur in part and dissent in part.

The plaintiff began seeing Lazar in September 2004, in connection with a mass detected on a pelvic ultrasound. After obtaining further diagnostic studies, which were not definitive, Lazar, in 2005, offered the plaintiff several treatment options, including a total abdominal hysterectomy (hereinafter a hysterectomy). The plaintiff advised Lazar that she did not want to undergo surgery. The plaintiff returned to Lazar in

2007, after receiving diagnostic test results that raised a concern that the plaintiff's pelvic mass might be malignant. Lazar recommended that the plaintiff undergo, among other things, a hysterectomy, and the plaintiff expressly rejected that recommendation. Thereafter, it was decided that the plaintiff would undergo a certain laparoscopic procedure.

Lazar testified at a deposition that, although the plaintiff continuously maintained that she did not want a hysterectomy, the plaintiff understood and agreed that this procedure might be performed if, in the course of performing the laparoscopic procedure, a malignancy was suspected. In contrast, the plaintiff testified at her deposition that she was adamant throughout her course of treatment with Lazar that she did not want a hysterectomy and that Lazar never discussed with her the possibility that the laparoscopic procedure might be converted to an open procedure, including a hysterectomy.

It is undisputed that, on the day of her surgery, the plaintiff signed a consent form, authorizing the laparoscopic procedure and a possible hysterectomy. According to the plaintiff, she was lying in the operating room, the procedure was about to start, and anesthesia may or may not have been started when a nurse "came running in" with the consent form. The plaintiff testified that Lazar "yelled" at other staff in the room, questioning why the consent form had not been signed earlier. The plaintiff asserted that she did not have her glasses, that she did not and could not read the form, and that Lazar did not discuss it with her. Rather, according to the plaintiff, Lazar told her to sign the form and stated that she had no choice because she might have cancer.

Lazar disputed this version of events, testifying that the consent form was signed before the plaintiff was taken into the operating room, and that she explained the form to the plaintiff. Lazar thereafter began the laparoscopic procedure and determined, intraoperatively, to convert the laparoscopic procedure to an open procedure and to perform a hysterectomy.

The plaintiff subsequently commenced this action, inter alia, to recover damages for, in effect, battery, claiming that the hysterectomy was performed without her consent and against her instructions. The Supreme Court granted that branch of the defendants' motion which was to dismiss that cause of action pursuant to CPLR 3211 (a) (7) for failure to state a cause of action.

In considering a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, a court must "accept the facts as alleged in the complaint as true, ac-

cord [the] plaintiff[ ] the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Leon v Martinez*, 84 NY2d 83, 87-88 [1994]; *see Nonnon v City of New York*, 9 NY3d 825, 827 [2007]). "Initially, the sole criterion is whether the pleading," on its face, "states a cause of action" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Sokol v Leader*, 74 AD3d 1180, 1180-1181 [2010]).

Any party is permitted, however, to submit evidentiary material in connection with a motion pursuant to CPLR 3211 (a) (7) (*see* CPLR 3211 [c]; *Rovello v Orofino Realty Co.*, 40 NY2d 633, 635 [1976]). A plaintiff may submit affidavits "to preserve inartfully pleaded, but potentially meritorious, claims" (*Rovello v Orofino Realty Co.*, 40 NY2d at 635). Nevertheless, unless the motion is converted into one for summary judgment pursuant to CPLR 3211 (c), a plaintiff "will not be penalized because he [or she] has not made an evidentiary showing in support of his [or her] complaint" (*id.*; *see Sokol v Leader*, 74 AD3d at 1181).

Evidence submitted by a defendant "will almost never warrant dismissal under CPLR 3211 unless [it] 'establish[es] conclusively that [the plaintiff] has no . . . cause of action' " (*Lawrence v Graubard Miller*, 11 NY3d 588, 595 [2008] [emphasis omitted], quoting *Rovello v Orofino Realty Co.*, 40 NY2d at 636). This inquiry is, of course, distinct from that applicable to a motion for summary judgment, in which the movant, initially, only needs to "make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to demonstrate the absence of any material issues of fact" (*Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *see Nonnon v City of New York*, 9 NY3d at 827). To obtain relief on a motion to dismiss pursuant to CPLR 3211 (a) (7), in which no burden-shifting regime is employed, the defendant must establish "that a material fact as claimed by the pleader to be one is not a fact at all" and that "no significant dispute exists regarding it" (*Guggenheimer v Ginzburg*, 43 NY2d at 275). In other words, to grant a motion pursuant to CPLR 3211 (a) (7), a court must determine that "the essential facts" have been "negated beyond substantial question" (*id.* at 275). " 'Whether a plaintiff can ultimately establish [his or her] allegations' " is, of course, " 'not part of the calculus' " (*Sokol v Leader*, 74 AD3d at 1181, quoting *EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 19 [2005]).

"The elements of battery are bodily contact, made with intent, and offensive in nature" (*Cerilli v Kezis*, 16 AD3d 363, 364 [2005]; *see Siegell v Herricks Union Free School Dist.*, 7

AD3d 607, 609 [2004]). "The intent required for battery is 'intent to cause a bodily contact that a reasonable person would find offensive' " (*Cerilli v Kezis*, 16 AD3d at 364, quoting *Jeffreys v Griffin*, 1 NY3d 34, 41 n 2 [2003]). Recognizing that "[e]very human being of adult years and sound mind has a right to determine what shall be done with his [or her] own body" (*Schloendorff v Society of N.Y. Hosp.*, 211 NY 125, 129-130 [1914]; *see Laskowitz v CIBA Vision Corp.*, 215 AD2d 25, 27 [1995]), the courts have acknowledged that a doctor who performs a medical procedure on a patient without any consent, in the absence of an emergency, is liable for battery (*see VanBrocklen v Erie County Med. Ctr.*, 96 AD3d 1394 [2012]; *Cerilli v Kezis*, 16 AD3d at 363-364; *Laskowitz v CIBA Vision Corp.*, 215 AD2d at 28; *Rigie v Goldman*, 148 AD2d 23, 28 [1989]; *Oates v New York Hosp.*, 131 AD2d 368, 369 [1987]).

Here, the plaintiff alleged in her complaint, as amplified by her bill of particulars (*see Gale v Animal Med. Ctr.*, 108 AD3d 497, 499 [2013]), that Lazar performed a hysterectomy on her without any consent and against her express instructions. Such allegations clearly state a cause of action sounding in battery (*see Berrios v Our Lady of Mercy Med. Ctr.*, 20 AD3d 361, 362 [2005]; *Cerilli v Kezis*, 16 AD3d at 363; *Oates v New York Hosp.*, 131 AD2d at 369; *see also Laskowitz v CIBA Vision Corp.*, 215 AD2d at 28; *Rigie v Goldman*, 148 AD2d at 28).

The majority concludes, however, that the consent form signed by the plaintiff demonstrates that the plaintiff's allegation that the hysterectomy was performed without her consent and against her express instructions was not a fact at all. The majority determines, essentially, that the plaintiff has stated no more than a cause of action sounding in lack of informed consent.

"[C]ases where a procedure is completely unauthorized . . . must be distinguished from cases where a patient consents to a procedure without being fully aware of the risks and consequences involved" (*Messina v Alan Matarasso, M.D., F.A.C.S., P.C.*, 284 AD2d 32, 35 [2001] [internal quotation marks omitted]). While a battery cause of action is properly maintained under the former circumstances, "the failure of a doctor to properly inform his patient of the risks of an operation is . . . a species of malpractice based upon negligence" (*Rigie v Goldman*, 148 AD2d at 28-29; *see Messina v Alan Matarasso, M.D., F.A.C.S., P.C.*, 284 AD2d at 34).

In the present case, the plaintiff alleged that she was urgently presented with a consent form while lying down in the operating room without her glasses and had no opportunity

to read it. She further alleged, and indeed, it is undisputed, that on multiple occasions she expressly rejected Lazar's recommendation that she have a hysterectomy. Assuming the truth of these allegations, it cannot be said that the plaintiff's mere signature on the consent form "negates beyond substantial question" her allegation that she did not authorize Lazar to perform a hysterectomy on her and that Lazar, knowing the circumstances under which the consent was signed, did not intentionally perform that procedure on the plaintiff against her express wishes (*Guggenheimer v Ginzburg*, 43 NY2d at 275).

In other words, assuming the truth of the plaintiff's allegations as to the circumstances under which the consent form was signed, particularly when coupled with her undisputed steadfast refusal to have a hysterectomy, the plaintiff has stated a cause of action for battery on the theory that the consent form amounted to no consent at all. Moreover, the defendants have not conclusively established that this is a case in which, at most, Lazar merely failed to inform the plaintiff that a hysterectomy was a risk or potential consequence of the laparoscopic procedure to which she agreed. Rather, assuming the truth of the plaintiff's allegation that she expressly refused to consent to a hysterectomy, including in connection with the laparoscopic procedure, Lazar would be chargeable not with merely failing to alert the plaintiff to a potential consequence of the laparoscopic procedure, but with "intention[ally] deviat[ing] from the consent given" (*Messina v Alan Matarasso, M.D., F.A.C.S., P.C.*, 284 AD2d at 34; *see Oates v New York Hosp.*, 131 AD2d at 369 ["In contrast to a situation where a patient consents to a medical procedure without being fully aware of the risks and consequences involved, the instant case concerns a physician who performed an operation on a patient although the patient emphatically refused to consent to such operation"]). (Of course, nothing prevents the plaintiff from pleading, in the alternative, a cause of action alleging lack of informed consent [*see* CPLR 3014].)

Accordingly, since the consent form upon which the defendants relied did not establish conclusively that the plaintiff has no cause of action to recover damages for battery, that branch of the defendants' motion which was to dismiss that cause of action pursuant to CPLR 3211 (a) (7) should have been denied (*see generally Lawrence v Graubard Miller*, 11 NY3d at 595; *Rovello v Orofino Realty Co.*, 40 NY2d at 636). I would, therefore, reverse the order insofar as appealed from and deny those branches of the defendants' motion which were for sum-

mary judgment dismissing the cause of action alleging a lack of informed consent, and to dismiss, pursuant to CPLR 3211 (a) (7), the cause of action alleging, in effect, battery.