Appeal from an order of the Supreme Court, Erie County (Catherine R. Nugent Panepinto, J.), entered May 4, 2016. The order, inter alia, denied that part of the motion of defendants for summary judgment dismissing the complaint with respect to the medical malpractice cause of action.
 

 It is hereby ordered that the order so appealed from is unanimously affirmed without costs.
 

 Memorandum: These consolidated appeals arise from a medical malpractice action in which plaintiffs seek damages under several legal theories for, inter alia, bowel perforation injuries allegedly arising from an operation performed upon Kandis Tirado (plaintiff). In appeal No. 1, defendants appeal from an order that, inter alia, granted that part of their motion for summary judgment dismissing the complaint only with respect to the cause of action for “assault and/or battery” and denied that part of their motion with respect to the medical malpractice cause of action based on lack of informed consent. In appeal No. 2, defendants appeal from a subsequent order granting plaintiffs’ motion for leave to reargue with respect to the cause of action for “assault and/or battery” and, upon reargument, vacating that part of the order in appeal No. 1 dismissing that cause of action, and reinstating it.
 

 Addressing first the issues in appeal No. 2, we note at the outset that defendants do not address on appeal the assault claim that Supreme Court reinstated and, consequently, have abandoned any contentions with respect to that claim (see Ciesinski v Town of Aurora, 202 AD2d 984, 984 [4th Dept 1994]).
 

 Defendants contend with respect to the battery claim that the court erred in reinstating that claim because plaintiffs cannot state a claim for battery under the circumstances presented. We reject that contention. It is “well settled that a medical professional may be deemed to have committed battery, rather than malpractice, if he or she carries out a procedure or treatment to which the patient has provided ‘no consent at all’ ” (VanBrocklen v Erie County Med. Ctr., 96 AD3d 1394, 1394 [4th Dept 2012]; see Levin v United States, 568 US 503, 512-513 [2013]; Matter of Small Smiles Litig., 125 AD3d 1287, 1288 [4th Dept 2015]). Here, plaintiffs allege in the complaint that “defendant physician knew that . . . she was exceeding the scope of . . . plaintiff’s consent by performing a medical procedure that . . . plaintiff had not authorized” (Ponholzer v Simmons, 78 AD3d 1495, 1496 [4th Dept 2010], lv dismissed 16 NY3d 886 [2011]) and, inasmuch as defendants do not challenge the battery claim with respect to the element of causation, we conclude that plaintiffs have stated such a claim.
 

 Defendants further contend in appeal No. 2 that the court erred, upon reargument, in denying that part of their motion for summary judgment dismissing the battery claim. We likewise reject that contention and conclude that defendants failed to meet their initial burden with respect to that part of the motion, thereby requiring denial of the motion to that extent “regardless of the sufficiency of the opposing] papers” (Bongiovanni v Cavagnuolo, 138 AD3d 12, 17 [2d Dept 2016]; see generally Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853 [1985]). Specifically, defendants failed to meet their burden of establishing that defendant doctor did not know that “she was exceeding the scope of . . . plaintiff’s consent by performing a medical procedure that . . . plaintiff had not authorized” (Ponholzer, 78 AD3d at 1496; see generally Wiesenthal v Weinberg, 17 AD3d 270, 270-271 [1st Dept 2005]).
 

 In appeal No. 1, defendants contend that the court erred in denying that part of their motion for summary judgment dismissing the medical malpractice cause of action for lack of informed consent. We reject that contention. It is well settled that, in order “[t]o succeed in a medical malpractice cause of action premised on lack of informed consent, a plaintiff must demonstrate that (1) the practitioner failed to disclose the risks, benefits and alternatives to the procedure or treatment that a reasonable practitioner would have disclosed and (2) a reasonable person in the plaintiff’s position, fully informed, would have elected not to undergo the procedure or treatment” (Orphan v Pilnik, 15 NY3d 907, 908 [2010]; see Public Health Law § 2805-d [1], [3]). In the relevant part of the complaint, plaintiffs allege that defendants failed to warn plaintiff of the risk of injury to her bowel. Defendants therefore were required to establish on their motion that, “prior to the procedure, . . . plaintiff had been told to consider [a risk of injury to her bowel] as being among the reasonably foreseeable risks of the proposed procedure” (Colon v Klindt, 302 AD2d 551, 553 [2d Dept 2003] [internal quotation marks and brackets omitted]; see Wilson-Toby v Bushkin, 72 AD3d 810, 811 [2d Dept 2010]). In our view, defendants failed to meet that burden.
 

 We reject defendants’ contention that they met their burden by submitting an affidavit of a medical expert who opined that defendants provided sufficient warnings to plaintiff of the risk of injury to her bowel. It is well settled that a defendant’s “burden is not met if the defendant’s expert renders an opinion that is . . . unsupported by competent evidence” (Bongiovanni, 138 AD3d at 17; see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Furthermore, it is equally well settled that “opinion evidence must be based on facts in the record or personally known to the witness” (Hambsch v New York City Tr. Auth., 63 NY2d 723, 725 [1984] [internal quotation marks omitted]; see Sample v Yokel, 94 AD3d 1413, 1414 [4th Dept 2012]). Here, in addition to the expert’s affidavit, defendants submitted plaintiff’s deposition testimony, in which plaintiff stated that she directed defendant doctor, “don’t touch my bowel,” and that the doctor told her, “Honey, I promise you nothing will happen to your bowel,” and “[i]f anything is close to your bowel, I will not touch it.” The expert had no personal knowledge of the operative facts. Rather he based his opinion on, inter alia, his conclusion that “[t]here is no deposition testimony from the patient that she specifically instructed Dr. Koritz not to touch her bowel.” Because the expert’s opinion is directly contradicted by the facts upon which he purportedly based that opinion, “there was no basis for any opinion and the attempted opinion was worthless as evidence” (Cassano v Hagstrom, 5 NY2d 643, 646 [1959]). Thus, “inasmuch as the expert affidavit [ ] tendered by defendant [s] £do[es] not establish that the cause of action has no merit so as to entitle defendant [s] to summary judgment,’ [their] motion was properly denied” (Jones v G & I Homes, Inc., 86 AD3d 786, 789 [3d Dept 2011]).
 

 In addition, although defendants introduced evidence that defendant doctor provided warnings to plaintiff, as noted above, defendants also introduced plaintiff’s testimony to the contrary, as well as plaintiff’s medical records, which are rife with examples of plaintiff’s prior bowel difficulties and her expressions of her strong desire that she not undergo any further procedures that could impact her bowel. Therefore, because “defendants’ submissions included . . . plaintiff’s deposition testimony, they failed to establish, prima facie, that there were no triable issues of fact with respect to the cause of action alleging lack of informed consent” (Thaw v North Shore Univ. Hosp., 129 AD3d 937, 939 [2d Dept 2015]), and the court was required to deny the motion “regardless of the sufficiency of the opposing papers” (Winegrad, 64 NY2d at 853; see Bongiovanni, 138 AD3d at 17).
 

 Present—Smith, J.P., Peradotto, DeJoseph, NeMoyer and Curran, JJ.