Torres v Sharan (2018 NY Slip Op 02308)





Torres v Sharan


2018 NY Slip Op 02308


Decided on April 3, 2018


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on April 3, 2018

Friedman, J.P., Sweeny, Gesmer, Kern, Singh, JJ.


6185 310119/10

[*1]Jose Torres, Plaintiff-Appellant,
v
Alok Sharan, M.D., et al., Defendants-Respondents.


Leonard Zack & Associates, New York (Leonard Zack of counsel), for appellant.
Gordon & Silber, P.C., New York (Patrick P. Mevs of counsel), for respondents.



Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered on or about October 21, 2016, which granted defendants' motion for summary judgment dismissing the complaint, unanimously affirmed, without costs.
Plaintiff claims that defendant Alok Sharan, M.D., departed from accepted medical practice in performing cervical spine surgery on him after failing to properly read the pre-operative imaging studies, which would have revealed a Zenker's Diverticulum (ZD) on his spine, and that, after the surgery, the ZD caused him to experience severe dysphagia (difficulty swallowing), among other symptoms, necessitating surgical repair. Plaintiff also claims that, although he signed a consent form, no one explained to him that dysphagia was one of the risks of the surgery.
Defendants established prima facie that Dr. Sharan did not depart from good and accepted medical practice through an expert opinion that the imaging studies Dr. Sharan ordered before performing the surgery showed plaintiff's cervical spinal herniation, but no other abnormalities, and that Dr. Sharan did not depart from accepted medical practices in the performance of the surgery (see Scalisi v Oberlander, 96 AD3d 106, 120 [1st Dept 2012]). The expert opined that dysphagia is a common complication of cervical fusion surgery, that the surgery did not cause the ZD, and that, in any event, the ZD did not cause or contribute to plaintiff's dysphagia.
In opposition, plaintiff failed to raise an issue of fact, since his expert did not opine on any alleged act of malpractice with any degree of certainty, instead stating his conclusions in terms of possibilities (see e.g. Brown v Bauman, 42 AD3d 390, 392 [1st Dept 2007]).
Defendants established prima facie that plaintiff's consent to the surgery was informed, by submitting his signed consent form, which listed "recurrent laryngeal injury" as a risk of the surgery, and their expert's opinion that a reasonable patient with plaintiff's symptoms, having been informed of the possibility of laryngeal complication — a common risk of cervical fusion surgery — would have consented to the surgery (see Shkolnik v Hospital for Joint Diseases Orthopaedic Inst., 211 AD2d 347, 350 [1st Dept 1995], lv denied 87 NY2d 895 [1995]).
Plaintiff failed to raise an issue of fact as to informed consent, since his expert's opinion [*2]was expressed with no more certainty on this issue than on the malpractice issue (see e.g. Orphan v Pilnik, 15 NY3d 907 [2010]). Furthermore, plaintiff testified that Dr. Sharan discussed the procedures with him, and that he had no questions after the discussion.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: APRIL 3, 2018
CLERK