Hernandez v Eachempati (2021 NY Slip Op 00255)





Hernandez v Eachempati


2021 NY Slip Op 00255


Decided on January 19, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: January 19, 2021

Before: Gische, J.P., Oing, Moulton, Mendez, JJ. 


Index No. 805273/16 Appeal No. 12907 Case No. 2019-4744 

[*1]Anaisa Hernandez, Plaintiff-Appellant,
v
Soumitra Eachempati et al., Defendants-Respondents.


Bradley A. Sacks, New York, for appellant.
Heidell, Pittoni, Murphy & Bach, LLP, New York (Daniel S. Ratner of counsel), for respondents.



Order, New York County (Martin Shulman, J.), entered April 26, 2019, which granted defendants' motion for summary judgment dismissing the complaint, unanimously modified, on the law, to the extent of reinstating plaintiff's cause of action for medical malpractice, and otherwise affirmed, without costs.
The opinions of plaintiff's expert raised an issue of fact as to whether defendant Dr. Eachempati should have discovered the injury to plaintiff's small intestine during his initial surgery, and whether defendants failed to timely diagnose plaintiff's injury after that surgery (see Roques v Noble, 73 AD3d 204, 207 [1st Dept 2010]). On the first issue, defendants' expert opined, based on the operative notes, that at the end of the surgery, and after visual inspection, there was no bleeding or bile to suggest a perforation of or overt injury to the intestine and that partial insults to the bowel are not necessarily apparent intra-operatively (see Guido v Fielding,190 AD3d 49 [1st Dept 2020]). Defendant's expert opined that even though a three mm full tear of the small intestine was discovered and repaired in a second surgery, it must have only been an undetectable abrasion at the time of the first surgery given the absence of medical proof otherwise. Plaintiff's expert sufficiently countered that opinion by asserting that any injury to the small intestine should have been discovered by Dr. Eachempati during the first surgery because even an abrasion is visible due to "a change to the characteristic appearance of the area," a surgeon is required to visualize all tissues he contacts during surgery, and that it is a deviation from accepted surgical practice for a surgeon to injure an organ and fail to discover the injury during the surgery.
Regarding the second issue, defendant's expert opined that diagnostic imaging and surgical intervention were not indicated before March 14, 2016 because there was no continued drainage from, or evidence of infection of, plaintiff's midline incision. Plaintiff's expert essentially opined that imaging was indicated on March 13 at the latest because plaintiff had tachycardia and brown discharge from one of her incisions. Plaintiff's expert's statement that plaintiff's tachycardia first appeared on March 11 rather than overnight between March 12 and 13 does not undermine that opinion. Further, the fact that plaintiff's wound was not continuously draining brown discharge was not material to plaintiff's expert's opinion. Because an issue of fact existed as to whether plaintiff's wound had been opened overnight between March 12 and 13, plaintiff's expert was entitled to rely on the wound having been opened. Accordingly, the opinions of plaintiff's expert on these issues should not have been disregarded.
The motion court, however, properly found that plaintiff failed to raise an issue of fact on her cause of action for lack of informed consent. Although plaintiff's expert opined that plaintiff should have been informed [*2]of the risk of bowel injury, that opinion was insufficient because the expert did not opine that risk of bowel injury would have been disclosed by a reasonable practitioner (see Orphan v Pilnik, 15 NY3d 907, 909 [2010]). Furthermore, plaintiff only averred if she had been aware of the risk, she would have reconsidered the surgery (see id.).THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 19, 2021