Mitchell v Po N. Lam (2020 NY Slip Op 04676)





Mitchell v Po N. Lam


2020 NY Slip Op 04676


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., NEMOYER, TROUTMAN, WINSLOW, AND BANNISTER, JJ.


434 CA 19-01505

[*1]BRIAN MITCHELL, PLAINTIFF-RESPONDENT,
v
PO N. LAM, M.D., AND ASSOCIATED MEDICAL PROFESSIONALS OF NY, PLLC, ALSO KNOWN AS A.M.P., DEFENDANTS-APPELLANTS. 






GALE GALE & HUNT, LLC, SYRACUSE (MATTHEW J. VANBEVEREN OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
COTE & VANDYKE, LLP, SYRACUSE (JOSEPH S. COTE, III, OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Onondaga County (Anthony J. Paris, J.), entered July 18, 2019. The order, among other things, denied that part of defendants' motion seeking to dismiss plaintiff's claim of lack of informed consent. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: In this medical malpractice action in which plaintiff seeks damages arising from a surgical procedure, defendants appeal from an order that, inter alia, denied that part of their motion seeking dismissal of plaintiff's claim of lack of informed consent. We reject defendants' contention that Supreme Court erred in denying that part of their motion, and therefore we affirm. A medical professional may be deemed to have committed the intentional tort of battery, rather than medical malpractice, "if he or she carries out a procedure or treatment to which the patient has provided no consent at all' " (VanBrocklen v Erie County Med. Ctr., 96 AD3d 1394, 1394 [4th Dept 2012]; see McCarthy v Shah, 162 AD3d 1727, 1728 [4th Dept 2018]). Nevertheless, the lack of informed consent may be a proper element of a medical malpractice claim against a medical professional who is alleged to have negligently exceeded the scope of the patient's consent (see Ponholzer v Simmons, 78 AD3d 1495, 1496 [4th Dept 2010], lv dismissed 16 NY3d 886 [2011]; cf. Tirado v Koritz, 156 AD3d 1342, 1343 [4th Dept 2017]). Here, plaintiff pleaded in the alternative that defendant Po N. Lam, M.D. failed to recall the scope of the consent while performing the hernia-related procedure and thereby "negligently exceeded the scope of plaintiff's consent" (Ponholzer, 78
AD3d at 1496).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court