Gilbride v Balikcioglu (2020 NY Slip Op 01582)





Gilbride v Balikcioglu


2020 NY Slip Op 01582


Decided on March 10, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 10, 2020

Gische, J.P., Webber, Gesmer, Kern, JJ.


11233 20950/11

[*1] Thomas Gilbride, Individually and as Administrator of the Estate of Unsuk Gilbride, Plaintiff-Appellant,
v
Dr. Dimyan Balikcioglu, Defendant-Respondent, Fieldston Lodge Care Center, et al., Defendants.


Preston & Wilkins, LLC, Levittown (Gregory R. Preston of counsel), for appellant.
Rubin Paterniti Gonzalez Kaufman LLP, New York (Juan C. Gonzalez of counsel), for respondent.



Judgment, Supreme Court, Bronx County (Robert T. Johnson, J.), entered October 9, 2018, dismissing the complaint as against defendant Dr. Dimyan Balikcioglu pursuant to an order, same court and Justice, entered on or about June 13, 2018, which granted Dr. Balikcioglu's motion for summary judgment, unanimously affirmed, without costs.
Plaintiff failed to raise a triable issue of fact in opposition to Dr. Balikcioglu's prima facie showing that he was entitled to judgment as a matter of law. The opinion of plaintiff's expert was conclusory and failed to raise an issue as to whether Dr. Balikcioglu departed from good and accepted standards of medical practice in his treatment of decedent. Specifically, plaintiff's expert did not disagree with or address the opinions asserted by Dr. Balikcioglu's expert that Dr. Balikcioglu was not responsible for determining how decedent was monitored and that the use of physical restraints was not indicated because decedent was alert and oriented and her periods of agitation and restlessness were intermittent and irregular (see Foster-Sturrup v Long, 95 AD3d 726, 728-729 [1st Dept 2012]).
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 10, 2020
DEPUTY CLERK