J.N. v Strong (2025 NY Slip Op 05632)

J.N. v Strong

2025 NY Slip Op 05632

Decided on October 14, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 14, 2025

Before: Manzanet-Daniels, J.P., Moulton, González, Rosado, Chan, JJ. 

Index No. 805083/15|Appeal No. 4925|Case No. 2023-06557|

[*1]J.N. etc., et al., Plaintiffs-Appellants,
v
Noel K. Strong, M.D. et al., Defendants-Respondents, Gina Spatafore, Defendant.

Law Office of Arnold E. DiJoseph, P.C., New York (Arnold E. DiJoseph III of counsel), for appellant.
Shaub, Ahmuty Citrin & Spratt, LLP, Lake Success (Nicholas Tam of counsel), for respondents.

Order, Supreme Court, New York County (Martin Shulman, J.), entered June 4, 2020, which, to the extent appealed from as limited by the briefs, granted defendants' motion for summary judgment dismissing the claims based on lack of informed consent, unanimously affirmed, without costs.
Plaintiffs' claim of lack of informed consent against defendants, in connection with a chorionic villus sampling (CVS) procedure performed on the infant plaintiff's mother, Ingrid Berges, on May 15, 2013, at defendant Mount Sinai Hospital, was properly dismissed. Defendants submitted their expert's affirmation, which was not refuted by plaintiffs' experts' affidavits, that to a reasonable degree of medical certainty, based upon the "robust published medical literature," a CVS procedure performed after 10 weeks gestational age has no proven association with increased risk for fetal severe limb reduction abnormalities such as that observed in the infant (see Public Health Law § 2805—d[1], [3]; Orphan v Pilnik, 66 AD3d 543, 544 [1st Dept 2009], affd 15 NY3d 907 [2010]). Nor did plaintiff contradict defendant's expert's conclusion that there was no medical evidence causally linking the lack of informed consent claim with the injury claimed here.
Plaintiffs failed to raise an issue of fact to warrant denial of summary judgment (see Gilbride v Balikcioglu, 181 AD3d 465, 465 [1st Dept 2020]). Among other things, plaintiffs' experts' affidavits failed to support the proposition that all women, regardless of gestational age, should be advised that CVS carried a risk of the type of severe limb reduction the infant sustained.
We have considered plaintiffs' remaining arguments and find them unavailing. THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2025